**KENTUCKY UTILITIES CO., Inc. v.
BARNETT et al.**

Court of Appeals of Kentucky.

Oct. 17, 1952.

G. Murray Smith, Jr., James S. Lackey, T. D. Shumate, Richmond, Percy Brown, Jr., Louisville, for appellant.

Salem W. Moody, Richmond, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment for $1,250 damages for the condemnation of an easement for electric power lines over the city lot of the appellees. The appellant contends that the judgment is excessive in amount and is based upon incompetent testimony.

At the trial the estimates of the value of the lot by appellant's witnesses ranged from $800 to $1,400 before the condemnation and from little or nothing to $400 after the tak-ing. The maximum estimate of witnesses for the appellees placed the value at $3,000 before the condemnation and at $100 after. These estimates covered damages to the whole lot and not merely to the one-half undivided interest which belongs to the appellees.

The lot over which the easement extends has a 35 foot frontage on U. S. Highway No. 25, tapers to 33 feet approximately 12 feet from the highway, and extends back a total distance of approximately 932 feet. It represents seven-tenths of an acre in area and is located in the northwest section of the City of Richmond on the north half of an abandoned railroad right of way. The appellant placed two transmission poles on the lot, one approximately 25 feet from the edge of the highway and the other several hundred feet back. The power lines stretch for 360 feet over the lot and run near its border thereafter. In order to maintain its lines, the appellant must have the right of access to them together with the right to trim trees and brush, and the owners of the land cannot place any structure upon it which will interfere with the appellant's use of its easement. The lot is below the surface of the highway, but some effort had been made to fill that part abutting the highway. It has a rough surface and is not fitted for cultivation, but it does adjoin one of the newer and better residential subdivisions of the City.

Witnesses for the appellees testified that before condemnation the lot was suitable for a grocery, a drugstore, or a warehouse, and a plat was introduced to show that it could be used for a tourist court. The appellant specifically questioned its availability for use as a tourist court because of its narrowness and the expense of construction. However, we held in Com. v. Crutcher, Ky. 240 S.W.2d 605, and Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737, that the adaptability of property in a city to business purposes is an element to be considered in assessing damages.

Here, the witnesses for both sides apparently believe that the lot now is of little or no value. The major difference in opinion between witnesses for the respec-

tive parties centers on the value of the property before the condemnation and not its value afterward. The testimony of the witnesses for the appellees reveals that they were familiar with real estate values in the City of Richmond, and that they were acquainted with this particular lot. As a consequence, we believe that their estimates of value are as competent as any of those offered by the witnesses for the appellant. The jury not only considered the merits of this conflicting testimony, but also visited the premises and formed its own opinion of the extent of the damage. The verdict which they rendered was only $300 more than the verdict rendered by a jury in the county court nearly a year before. In view of these circumstances, we conclude that it would not be proper for us to interfere with the jury's verdict and the judgment based upon it.

Judgment is affirmed.