COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Ailene TYREE et al., Appellees.

Court of Appeals of Kentucky.

March 1, 1963.

John B. Breckinridge, Atty. Gen., H. D. Reed, Asst. Atty. Gen., Paul E. Hunley, Patrick J. Dixon, Dept. of Highways, Frankfort, for appellant.

H. R. Wilhoit, Grayson, W. H. Counts, Olive Hill, for appellees.

CULLEN, Commissioner.

The appellees owned a plot 60 feet deep fronting 242 feet on the main highway near

the center of the City of Olive Hill. On it were a 40-year-old hotel building, a modern bus depot, and a dilapidated brick building the ground floor of which had at one time been used for store purposes and the upper floor of which had been rented as an apartment. For the purpose of widening the highway the Commonwealth condemned a strip 25 feet deep along the entire frontage of the plot. This necessitated the demolition of all three buildings. The jury in circuit court awarded $75,000 damages and judgment was entered accordingly, from which the Commonwealth appeals.

The main contention of the appellant is that the testimony of the witnesses for the landowners had no probative value and therefore the verdict is not supported by the evidence. The Commonwealth's witnesses had estimated the damages at $49,-632. The estimates of the witnesses for the landowners ranged from $95,000 to $195,000. If the testimony of the latter witnesses were eliminated as having no probative value there would of course be no evidence to sustain the $75,000 verdict.

■ The problem of determining the probative worth of opinion evidence of property values is a most difficult one. Property values ordinarily are not susceptible of exact measurement, so opinions must be resorted to. It is almost inevitable that opinions of different witnesses will vary and the range between the high and the low may be substantial. If the high and low estimates both have full probative value the jury necessarily must have the discretion to choose either of them or any amount between them. On the other hand, if one of the estimates has no probative value it can be given no evidentiary weight. The difficult question is whether an estimate can have *limited* probative value, not sufficient to sustain an award for the full amount of the estimate, but sufficient to sustain an award for some lesser, reasonable amount.

■ Evidence of probative value is evidence having the fitness to induce con-

viction in the minds of reasonable men. Wadkins' Adm'x v. Chesapeake & Ohio Railway Co., Ky., 298 S.W.2d 7. It appears to us that evidence of property values may in some circumstances have fitness to induce conviction up to a certain point but not beyond. One situation in which this could be true is where the elements, factors or computations employed by the witness do not reasonably, rationally or logically produce the value estimated by the witness, but could support a lower value. Another situation is where the estimate of value by the witness is so extravagant as to be contrary to common knowledge. In the latter situation the evidence may be considered to have the quality of conviction up to the point where it passes the bounds of credibility to reasonable men.

■ (There is a clear distinction between opinion evidence of property values and testimony as to a specific determinable fact. In the latter case the testimony of a witness concerning the fact must either be accepted in toto or rejected in toto, because the fact either existed or did not exist.)

It seems that some of the difficulty in the instant case, and in a number of the other condemnation cases that have reached this court, lies in a failure to distinguish clearly between *competency* or *relevancy* of evidence and its *probative value*. Such a distinction is essential in relation to the necessity to make objections during the trial and the availability of grounds of review in the appellate court.

■ As concerns *competency*, one requirement is that the witness have a knowledge of property values generally and a knowledge of the particular property involved. Kentucky Utilities Co. v. Barnett, Ky., 252 S.W.2d 12. This requirement is loosened somewhat as to the *owner* of the property involved, in that mere ownership ordinarily is held to be a sufficient qualification. See Barron v. Phelps, Ky., 238 S.W. 2d 1016. In very few instances is there

any issue of lack of qualification, but where there is one we think it is incumbent on the opposing counsel to object to the testimony on the ground that the witness is incompetent. If no objection is made the testimony is entitled to be considered by the jury to the extent that it has probative value, and the appellate court cannot reverse on the ground that the verdict was based on the testimony of an incompetent witness.

■ We think that a question of *relevancy* is presented in connection with the testimony of a witness who in making his estimate of values relies upon an *irrelevant measure of value* or an element of value that *legally is noncompensable*. The question here is a tricky one, because it may involve testimony's becoming irrelevant after it first was relevant. This is so because a witness may give his estimates of before and after values without stating what factors he considered. (This will be discussed more fully at a later point in this opinion.) Such estimates are acceptable evidence. But if on cross-examination the factors he considered are elicited from him, and one or more of those factors is invalid in that it involves an irrelevant measure of value or a legally noncompensable element of value, it would seem that his testimony should be subject to a motion to strike because it is based upon irrelevant factors. (Examples of irrelevant measures of value might be the price paid by the state in condemning another piece of property, or the sale price of a noncomparable other piece of property; examples of noncompensable elements might be loss of profits or diversion of traffic.) In this situation it must be considered that the initial estimates of value were prima facie valid on the assumption that the witness considered only relevant factors, but when it is shown that actually he used irrelevant factors his estimates become invalid. It might be, however, that in some instances where the witness has attributed a specific value to the irrelevant factor, that value could be eliminated from his

estimate by a requested admonition, in which event the remaining estimate would be acceptable evidence.

Of course if the witness initially states irrelevant factors as the basis for his estimate of values (without waiting for cross-examination) his testimony is subject to immediate objection or motion to strike.

As concerns the efficacy of objections as distinguished from motions to strike, it would seem that if a witness has stated his estimate of values and then (or later on cross-examination) states the factors he considered, one of which is an irrelevant factor (such as the price paid for a noncomparable other piece of property), nothing is accomplished by merely objecting to his being permitted to testify to that factor, because his estimate of value still stands before the jury and they will have no satisfactory basis on which to discount his estimate by reason of the improper factor. (Perhaps, however, the appellate court could eliminate this factor in determining the maximum probative value of the estimate.) On the other hand, if the witness shows that he used an improper factor, and a motion to strike his entire testimony is made and sustained on the ground that his estimate was based on the improper factor, his estimate is excluded completely from the jury's right of consideration.

Since the use of irrelevant measures of value or legally noncompensable elements in reaching an estimate of value is a matter of relevancy of the evidence it seems clear that it is necessary to make an objection or a motion to strike at the trial in order to preserve grounds of error for appellate review. If no such objection or motion is made the appellate court cannot reverse on the ground that the verdict was based on irrelevant evidence.

■ The basic reason why objections must be made upon the trial to incompetent or irrelevant evidence is that the jury is not qualified to determine questions of competency or relevancy, and in the absence of ob-

jection the jury is entitled to give full value to the evidence.

■ Coming now to the matter of *probative value*, we consider the questions of the necessity to make objections at the trial, and the extent of the powers of appellate review, where the testimony of a witness lacks sufficient probative value to fully sustain his estimates of damage. Hereinbefore we have mentioned two different kinds of such testimony, one involving the use of elements, factors or computations that do not reasonably, rationally or logically produce the value estimated by the witness (we distinguish here from the use of a legally noncompensable element—one example could be a duplication of factors), and the other involving estimates so extravagant as to be contrary to common knowledge. Both of these kinds of testimony have some probative value, and therefore are not subject to objection on the trial. The reason why objections are not necessary or proper is that the jury is deemed capable of exercising reason and logic, and of having common knowledge, and therefore is capable of according such evidence its proper weight and value. If, however, the jury gives the evidence more weight and value than the maximum it is entitled to, the appellate court has power to set aside the verdict either on the ground of palpable excessiveness or on the ground that it is not sufficiently supported by the evidence.

We believe that much of the confusion that seems to exist in regard to the evidentiary treatment to be accorded testimony of a witness as to the factors he considered in reaching an estimate of property value arises from misconceptions of the proper purpose and function of such testimony. This court has said that the opinion of a witness that property is worth a stated amount is "worthless" unless the witness gives "facts as a reasonable basis to support his opinion." Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714. This would give the impression that a statement of supporting facts is necessary to give any probative force to an estimate of values. We think this is an incorrect view, as we shall show.

■ The proper measure of damages, where part of a tract of land is taken by condemnation, is the difference in the fair market value of the tract before and after the taking. Commonwealth, Department of Highways v. Stamper, Ky., 345 S.W.2d 640. A properly qualified witness may testify as to before and after values, without stating any factors that he took into consideration, and his testimony will have some probative value. But such bare testimony lacks fullness of probative value to the extent that the other evidence in the record concerning the property falls short of lending credibility to the testimony. For example, a witness might testify that the taking of a small strip of land across the front of a farm reduced its value $10,000. On the basis of the other evidence in the record, showing nothing more than an ordinary farm and a taking of a strip of the same topography as the rest of the farm, the testimony would be palpably extravagant and would not sustain a verdict in the amount of the estimate. But if the witness pointed out special facts and conditions that reasonably could be considered to reduce the value of the farm in the amount of his estimate, his testimony might achieve full credibility. The purpose, then, of "supporting facts," is to give the estimate of value more weight, more credibility, more probative value (greater quality of conviction).

Our conclusion, therefore, is that it is not necessary for a witness to give "supporting facts" in order to make his estimate of values *admissible*; the lack of supporting facts affects only the extent to which the probative value of the estimate will go.

■ A further conclusion is that in the trial of condemnation cases it should be kept in mind at all times that the various elements and factors of damage that may be involved are not *items of damage* to be

priced and totalled for the purpose of reaching a verdict, but are only reasons to be given in support of opinion testimony of before and after values—the tract of land would bring a stated price before the taking because of certain features it possessed, and would bring a stated (lower) price after the taking because of certain conditions resulting from the taking. We think there has been a trend, which must be stopped, in condemnation cases to isolate and separately price various claimed items of damage, with the result that the true measure of damages has been ignored and verdicts have been returned in excess of the real difference in market value attributable to the condemnation.

Applying the foregoing principles to the testimony in this case, it is our opinion that our power of review is limited under this record to determining whether the testimony of the landowners' witnesses had sufficient probative value to support the verdict rendered. All of the witnesses qualified by a showing of a basis for knowledge of land values and a knowledge of the property in question, and each stated factors he considered that would lend some degree of support to his estimate of values. It is true that none of the landowners' witnesses had knowledge of any comparable sales, but there is no rule making such knowledge the sole acceptable basis for an estimate of land value. Cf. Commonwealth, Department of Highways v. Citizens Ice & Fuel Company, Ky., 365 S.W.2d 113.

There is no ground upon which to hold that the trial court erred in admitting (or refusing to strike) testimony involving irrelevant measures of value or legally non-compensable elements of damage because as to some of such testimony no objection or motion to strike was made and in the instances where objection was made the witness purported to make an exclusion of the improper factor from his consideration. For example, several of the witnesses mentioned the replacement cost, new, of the hotel building (this may be classified as in-

volving an irrelevant measure of value), but upon objections being made they proceeded to say that their estimates were based solely on market values. Also, one of the witnesses indicated that his ideas of value were based on the market conditions which prevailed after it became known in the community that the new highway was to be built (which again might be classified as involving an irrelevant measure of value), but no objections were made to his testimony.

Since the testimony of the landowners' witnesses must be treated as having some probative value, we can set aside the verdict only if it strikes us as being patently in excess of any amount the evidence reasonably could sustain. It does not so strike us. If the land alone were valued at $24,000 ($100 a front foot), the hotel building at $30,000 (half of its replacement cost new), the bus depot at $20,000, and the old brick building at $1,000, the total would equal the amount of the verdict. We cannot say that such values would be contrary to common knowledge or that the factors employed by the witnesses could not reasonably, rationally and logically produce such values.

A second contention of the Commonwealth is that the value at which the property owners listed their entire property of taxation, $3,860, of itself shows that the verdict is excessive. This contention is based on language in Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714, to the effect that a tax assessment value fixed by the landowner should be given "considerable weight" in a condemnation proceeding, and that the landowner "will not be heard to say that he has not fixed the value of his property." We do not interpret the Rankin case as holding that the landowner is absolutely *estopped* by his assessment. Nor do we think the Rankin case requires that the assessed value be given "considerable weight" unless the assessed value bears some reasonable relation at least to the

**479**

minimum market value indicated by other evidence in the case. Here the assessed value, even assuming that the ratio of assessed values to full values in Carter County was as low as 10 percent, would indicate a market value far below that fixed by the Commonwealth's witnesses. In these circumstances we think that whatever weight the assessed value had, it was overcome by the Commonwealth's evidence showing that the assessment was unreliable. See Wigmore, Evidence, sec. 614, p. 552.

■ A third contention is that the trial court committed prejudicial error in admonishing counsel for the Commonwealth with reference to making motions to exclude the testimony of witnesses. As each of the first few witnesses for the landowners completed his testimony the Commonwealth moved to strike the testimony. These motions were overruled. When the fourth witness for the landowners completed his testimony a motion to strike again was made. The court overruled the motion and then stated that such motions should not be made, that the proper procedure was to object to specific questions and answers, and that the court did not like to have blanket objections and thus be put to the necessity to "separate the sheep from the goats". The Commonwealth maintains that this admonition discredited counsel's abilities in the eyes of the jury.

We are of the opinion that the court erred in announcing that he would not consider any motions to strike the entire testimony of a witness. As hereinbefore indicated in this opinion, we think a motion to strike is proper (and perhaps even necessary) where it develops on cross-examination that a witness relied upon legally noncompensable elements of value or damages.

However, we think the admonition here was not prejudicial. The testimony of the witnesses introduced after the admonition was given was not such as should have been stricken had a motion been made, and we do not consider the words of the admonition as casting any serious reflection on counsel's abilities.

■ The contention is made that excessiveness of the verdict is shown by evidence that 12 years before the condemnation was instituted the appellees had bought the hotel property for only $12,000. However, in the absence of any evidence of the circumstances of that purchase, and of any evidence that economic conditions in Olive Hill had remained static since the time of the purchase, we think the purchase price had no great evidentiary weight.

■ A final contention is that the verdict is excessive because the highway improvement will benefit the remaining property. There is no merit in this because it appears that the remaining property will be so shallow in depth as to have only limited value. The Commonwealth's witness valued the remaining property at only $3,014. Furthermore, the principal damages here are for the property *taken* (although the jury seems to have treated the loss of the buildings as remainder damage rather than taking damage), and the established rule is that benefits cannot be offset against taking damage. See Commonwealth, Department of Highways v. Evans, Ky., 361 S.W.2d 766.

The judgment is affirmed.

STEWART, C. J., dissents, being of the opinion that the verdict is excessive.