**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Edward W. BASTON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Patrick J. Dixon, Elizabethtown, for appellant.

L. M. Ackman, Williamstown, E. D. Weldon, Georgetown, William F. Threlkeld, Williamstown, for appellees.

PALMORE, Judge.

In the acquisition of right-of-way for an interstate highway (I–75) the appellant Highway Department condemned 25.18 acres through the center of a 102-acre dairy farm owned by the appellees Edward Baston and wife, leaving 37 acres and all the improvements on one side of the new highway and 39 acres without improvements on the other. A county court judgment reflecting a commissioners' award of $10,072 for the land taken and $14,448 for damage to the remainder, totalling $24,520, was appealed to the Grant Circuit Court by both sides. A jury verdict in circuit court awarding $8,841 for the taking and $15,000 as damage to the remainder, totalling $23,841, was set aside following motions for new trial by both sides. A second jury trial resulted in a verdict of $12,500 for the land taken and $10,000 for damage to the remainder, totalling $22,500. Motions for new trial having been overruled, both parties now appeal to. this court.

Two valuation witnesses for the Department estimated the initial market value of the whole farm (including improvements)

at $200 and $220 per acre, respectively. Testimony in the same respect by six witnesses for the owners ranged from $480 to $550 per acre. The qualifications of the owners' witnesses to give opinion testimony are not questioned. Indeed, by experience, knowledge of local land values in general, and familiarity with the particular land in question they appear to have been very well qualified. However, none of them were able to substantiate these figures by any other sales of comparable property at such prices. It is therefore contended by the Department that their testimony lacked probative value and that the trial court erred in overruling successive motions to strike it.

■ The case of Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, 477–478 (1963), decided since this case was briefed, settles this issue to the contrary. See also Commonwealth Dept. of Highways v. Citizens Ice & Fuel Co., Ky., 365 S.W.2d 113 (1963). The probative weight of valuation evidence that is otherwise well qualified is not destroyed, nor, in fact, is it necessarily reduced to a mere scintilla, by the inability of the witness to cite an instance in which comparable property actually has sold at a price that would support his opinion. The net weight of the testimony is for the jury to determine.

■ The witness Ramsey, appearing for the owners, testified that in his opinion the whole farm initially had a market value of $500 per acre and that the market value after the taking was $10,000 for the 37 acres and improvements and $4,000 for the 39 acres left without improvements, making a difference of $36,000 (sic). He refused to estimate separately the value of the 25 acres taken and the damage to the remainder, and the Department urges that its motion to strike his testimony should have been sustained for that reason. However, in Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 852–854 (1963), also decided since this case was briefed, we held that placing separate price tags on the land taken and damage to the remainder always has been an artificial, unsound and misleading technique for arriving at the correct measure of compensation, which is simply to deduct the market value of what the landowner has left from what he had before. The approach used by this witness was entirely proper.

■ Another complaint of the Department is that the estimates of several of the witnesses for the owners reflected duplication and reduplication of the same elements of damage, and that their testimony should have been stricken. Perhaps the following example will serve to illustrate:

The witness says the farm before the taking was worth $500 per acre, which includes $200 per acre for the improvements. Then he says the 25 acres taken, which has no improvements, was worth $500 per acre (the apparent effect of which is to include 25 x $200 for damages to improvements left on the remainder tracts). Then he says the "after value" of the 37 acres is $200 per acre and of the 39 acres is $100 per acre. As the average value of the land exclusive of improvements was $300 per acre, and inclusive of the improvements was $500 per acre, the argument is that each of these reductions necessarily includes damage to the improvements.

In this particular case there is no doubt that the improvements, though left intact, were substantially diminished in value by the destruction of the farm for dairy purposes. So was the land itself, by reason of the separation and reduction in size of the two remaining parcels. Even assuming that each and every acre of the bare land was of equal quality and value, it is impossible to tell from the "per acre" figures how much of the estimated damages represented the land and how much the improvements; hence it is impossible to say whether and to what extent there were "duplications." Properly computed, spreading the reduction in value of the improvements over the three component elements repre-

sented by the value of the tract taken and the resulting damage to the two tracts remaining would not involve duplication. Moreover, each of the witnesses in question ultimately reduced his opinion to simple "before and after" terms, which had the effect of resolving any confusion as to his computations. The court did not err in declining to strike the testimony.

Again, as we have had occasion to remark in other recent opinions, the problem just discussed illustrates the reason for our decision in Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), to condemn the separate assessment of "taking" damages and "resulting" damages.

■ On the cross-appeal of the owners, we find nothing to suggest that the verdict was inadequate.

The judgment is affirmed on appeal and cross-appeal.