COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Homer PHILLIPS et al., Appellees.

Court of Appeals of Kentucky.

March 20, 1964.

Rehearing Denied June 26, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Dept. of Highways, Somerset, for appellant.

R. L. Brown, Joe S. Feather, Williamsburg, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment of $6,000 awarded appellees, Homer and Lucretia Phillips, for 1.62 acres of their land condemned by the Commonwealth for the purpose of constructing a nonaccess highway connecting Interstate 75 with U. S. 25–W.

Prior to the institution of this action appellees' 5-acre tract of land fronted 275 feet on U. S. 25–W on the east side, 1,000 feet on Ky. 628 on the north side and 200 feet on an unpaved county road on the west side. The east end of the tract was near the village of Pleasant View.

The Commonwealth condemned a strip of land along the north side of appellees' tract, including all the frontage on Ky. 628, 140 feet on the county road and 200 feet on U. S. 25–W, and stated in its petition that "the defendants shall have no right of access to the proposed interstate highway from their remaining property." The case was tried upon the theory that access was being condemned.

It is contended by the Commonwealth that the trial court erred: (1) In permitting testimony concerning the decreased accessibility of the remaining land due to this condemnation and (2) in refusing to strike estimates of damage by witnesses who did not state the damage for the taking and the damage to the remainder separately.

Two of appellees' witnesses were permitted to show the inconvenience in reaching Pleasant View from appellees' remaining property due to the Commonwealth's taking of access rights. The trial court restricted the consideration of this evidence to whatever bearing it might have on the damages to the remainder. The appraiser for the Commonwealth also considered the taking of the access as a factor

in determining damages. Since access rights were being condemned there was no error in permitting the testimony to be introduced. Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (decided since this case was briefed).

■ The witnesses testifying on behalf of appellees, having estimated the total damage to appellees' property, refused to state what portion they assigned as damages to the remainder. In Commonwealth, Dept. of Highways v. Baston, Ky., 371 S.W.2d 869, (also decided since this case was briefed), we held that such an approach was entirely proper. It follows that the trial court correctly overruled the motions to strike this evidence.

The judgment is affirmed.