**KENTUCKY UTILITIES COMPANY,**
**Appellant,**

v.

**Paul JETT and Amy Jett, His Wife, et al.,**
**Appellees.**

Court of Appeals of Kentucky.

June 11, 1965.

James Park, Jr., Stoll, Keenon & Park, Lexington, George T. Ross, Richmond, for appellant.

G. Murray Smith, Jr., Richmond, for appellees.

CULLEN, Commissioner.

Kentucky Utilities Company appeals from a judgment awarding the appellee landowners $10,000 damages in the taking by eminent domain of easements for electric transmission lines.

The judgment must be reversed for excessiveness of damages. This case was tried prior to the decision in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, so there were separate awards of "taking" damages and "resulting" damages. We do not find excessiveness in the former award, but we do in the latter.

The easements, 100 feet in width, extend a distance of 3055 feet over the appellees' farm and embrace a total of seven acres. The farm is within the city limits of Richmond and admittedly is adaptable for subdivision purposes. Although the landowners gave obviously inflated estimates of the value of the land taken for the easements (from $15,200 to $16,800), and although the physical facts do not bear out their claim that the land taken for the easements is the most valuable in the entire farm, yet their evidence, with that of their expert witness, had sufficient probative value to support the award of $5,000 for the land taken. This award is only $1,000

more than the estimate given by one of the witnesses for the appellant. It amounts to only a little more than $700 per acre, which is not at all unreasonable under the evidence of comparable nearby sales.

As concerns the "resulting" damages, the highest estimate of such damages, other than by the landowners themselves, was "two or three thousand dollars" by the landowners' expert witness. The landowners made estimates of $10,000 and $15,000, in support of which estimates they gave only vague generalities. The circumstances and conditions shown by the evidence do not indicate any particular basis of "resulting" damages, so on their face the landowners' estimates are extravagant. In the absence of specific supporting facts the landowners' estimates do not have sufficient probative value to sustain the award of $5,000 for "resulting" damages. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

The appellant complains that it was improper to admit evidence of the prices received at sales of other tracts of land in the community ranging in size from 6 acres to 10 acres, because those tracts were not comparable in size to appellees' 150-acre farm. The appellant maintains that the appellees improperly were endeavoring to separate for comparison purposes the seven acres being taken for the easements, and that the only valid comparison would be of land comparable to the entire farm. Since the evidence showed that the appellees' farm was of best adaptability for subdivision purposes, which necessarily would contemplate some division of the farm into sections (to be subdivided), we think it was entirely proper to use for comparison purposes sales of other tracts fairly comparable to a section of the farm which reasonably might be expected to be sold for a subdivision development. (As a matter of fact, the appellees previously had sold from their farm tracts of 15, 12 and 19 acres.)

The appellant further complains of the court's overruling of appellant's motion to strike for cause two prospective jurors who had stated on voir dire examination that they thought a landowner should be awarded something extra by way of damages because his land was being taken against his wishes. One of the jurors later qualified his statement so as to indicate that he would abide by the instructions, and we think it was not error to refuse to strike him for cause. It is our opinion that it was error not to strike the other juror, who did not qualify his statement. However, it appears that this error was inadvertent, resulting from a misunderstanding of what the juror had said, and there is no reason to fear that the error will reoccur on another trial.

The judgment is reversed with directions for further proceedings in conformity with this opinion.