**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Malcolm D. SHEPHERD et al., Appellees.**

Court of Appeals of Kentucky.

June 18, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Joe Hobson, Prestonsburg, for appellees.

DAVIS, Commissioner.

In this condemnation action the appellees were awarded $3,000; the Department of Highways seeks to reverse the judgment on these grounds: (1) Error in allowing witnesses for appellees to give value testimony based upon irrelevant and noncompensable factors; (2) error in permitting improper statements and arguments of counsel for appellees; (3) the verdict is excessive and not supported by competent and relevant evidence.

The property involved is situated on Kentucky Highway No. 114 (Prestonsburg-Salyersville Road) and before the taking had frontage of about 100 feet along that highway; it extended back from the road about 250 feet to Middle Creek. The residence of appellees is situated on the lot, facing the highway, and is not taken. The right of way acquired in fee simple is a parcel extending along the entire frontage of the lot having depth of 34 feet at one corner and 20 feet at the other. The taking comprises 0.06 acres. A temporary easement was required also; the easement contains 0.08 acres.

Prior to the taking the grade of the existing highway, at the center line, was about four or five feet above the bottom of the foundation of the residence. The new construction will result in raising the elevation at the center line an additional three and one half feet. The center line of the new construction will approximately coincide with the former center line. The right-

of-way line, after the taking, will extend to within thirteen feet of one corner of the residence, and within 21 feet at the other corner. However, it was shown that the actual construction under present plans will be no nearer than 37 feet at one corner of the house, and 45 feet at the other.

The appellees adduced evidence indicating that by reason of the new construction the garage attached to the residence will not be usable; the appellant Department made no contrary showing.

 The only value witness for the Department testified that the entire difference in the before and after values could not exceed $225. Several value witnesses for appellees fixed the difference in before and after values in sums ranging from $4,000 to $6,750. Cross-examination of the witnesses for appellees elicited from them that they had, in some instances, given consideration to non-compensable matter (e. g., the estimated cost of moving the television aerial). The witnesses opined that it likely will be necessary to move the house away from the road, and gave estimates of the cost of that. Under the circumstances of this case, we think there is no question but that the evidence just mentioned was incompetent; however, it is our view that the verdict reflects that the over-all impact of the erroneous evidence was not prejudicial. The witnesses for appellees did qualify themselves as acquainted with market values, and their evidence possessed sufficient probative value to support the verdict in our judgment. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

We have considered the Department's assertions of prejudicial remarks made by counsel for appellees but fail to see any merit in them. No useful purpose would be served by detailed discussion on this phase of the appeal.

Upon review of the record, we are not able to say that the amount of the verdict is so great as to strike us at first blush as having been rendered as the result of passion and prejudice. It strikes us as liberal but not palpably excessive; in such a case we may not disturb the judgment based on the verdict.

The judgment is affirmed.

HILL, J., not sitting.