COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Arminta AYLOR, widow, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1966.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, John J. Blackburn, Robert Lee Hall, Covington, for appellant.

Raymond R. Vincent, Florence, for appellees.

DAVIS, Commissioner.

The single issue in this highway condemnation proceeding is whether the jury's verdict of $15,000 is excessive.

Before the taking the appellees owned a 59-acre tract of land fronting on U. S. Highway 25, about three miles from Florence. The tract had frontage of about 720 feet along U. S. 25; in rectangular shape it extended westwardly from that roadway for nearly 5000 feet. The front portion of the tract was substantially level, but its contours became rolling to rough toward the rear portion of the boundary. There was no building on the land, nor had it been cultivated for several years prior to the taking. However, the owners had laid out some streets and prepared a plat for a projected subdivision of the property into building lots. It was shown that a "lots for sale" sign had been displayed on the property for awhile before the taking, but no lot had been sold at the time of trial.

The acquisition of land in this proceeding was incident to the construction of non-access Interstate Highway I–75. The taking embraced a strip of land containing 5.1 acres, situated so as to sever the original tract into two separated tracts. The front, or eastern tract, has 37.3 acres after the taking; the back severed tract has about 17 acres. Although there is no longer any direct access between the severed tracts, there is a traffic-bound service road affording ingress and egress for the back tract. The existing frontage on U. S. 25 was not disturbed.

There were seven evaluation witnesses; two testified for the Department, and five testified for the appellees. The two witnesses for appellant expressed opinions that the before value of the tract ranged from $22,400 to $22,500; their after values were set at $18,000 to $18,500—thus resulting in a difference of $4000 to $4500. The two witnesses for appellant recognized that the front portion of the original tract (fronting on U. S. 25) had a potential for subdivision, but they limited this potential to about the first three or four acres. According to their view, the remainder of the land had only an agricultural value of about $300 per acre.

In sharp contrast, the witnesses for appellees gave before values ranging from $60,000 to $127,200, and after values ranging from $40,600 to $87,650. The differences in before and after values, according to witnesses for appellees, ranged between $13,500 and $39,550. As noted, the jury's verdict was $15,000, well within the range of testimony.

Witnesses for each side made reference to the sale of a ten-acre tract just across U. S. 25 from the subject property. The sale had been at the rate of $1600 per acre, and there was evidence warranting belief that the properties were comparable. The point of widest difference between the two sets of witnesses is found in their differences of opinion as to the highest and best use of the tract—after the front portion had been appraised for subdivision purposes. For the appellant, the witnesses opined that the best use and value for all but the front four acres was agricultural. The witnesses for appellees expressed the view that all of the land was suitable for subdivision, and pointed to development factors in the rapidly expanding area to support their opinions.

Appellant relies on Com., Department of Highways v. Tyree, Ky., 365 S.W.2d 472, 477, in which this court discussed the matter of probative value of valuation evidence. The crux of the discussion was thus expressed in *Tyree*:

"If, however, the jury gives the evidence more weight and value than the maximum it is entitled to, the appellate court has power to set aside the verdict either on the ground of palpable excessiveness or on the ground that it is not sufficiently supported by the evidence." Id., 365 S.W.2d 477.

We do not retreat from the position thus expressed in *Tyree*. It is our conclusion that the record before us does not afford a basis for application of the *Tyree* rule. There is no question that the witnesses for appellees were qualified to express the

opinions to which they testified. More-over, they pointed to factors in support of their opinions—factors which may not be said to be fanciful or extravagant. In these circumstances we are not able to say that "the verdict * * * strikes us [at first blush] as being patently in excess of any amount the evidence reasonably could sustain." Id., 365 S.W.2d 478.

The judgment is affirmed.