KENTUCKY UTILITIES COMPANY,
Appellant,

v.

L. B. BRUNER et al., Appellees.

Court of Appeals of Kentucky.

March 4, 1966.

Stoll, Keenon & Park, Lexington, Henry C. Cox, Lancaster, for appellant.

James F. Clay, Danville, for appellees.

MONTGOMERY, Judge.

Kentucky Utilities Company appeals from a judgment awarding L. B. and Gladys Bruner $3,250 as damages for condemnation of an easement for the transmission of electric energy across the Bruner property. Appellant contends that the verdict is not supported by sufficient evidence of probative value and that it is excessive.

Appellees' property is located on U. S. Highway 27 about 1½ miles south of Lancaster and consists of approximately 19 acres. It is bounded on the west by the highway, on the south by the Wilson May property, on the east by the Louisville & Nashville Railroad track, and on the north by a private road. The improvements on the property consist of a two-story frame dwelling, a small cabin, a small barn, and other small outbuildings. At the time of taking the property was used for agricultural purposes and as a junk yard.

The easement crosses the back portion of the farm approximately 600 feet from the center of U. S. Highway 27 and is near the Louisville & Nashville Railroad track. It encompasses an area 100 feet wide and 517 feet long and contains 1.19 acres of land. There are two pole structures located on the easement. Each pole structure consists of two poles with a crossarm. The pole structures are located along the center line of the easement. The two poles in each structure are 10 feet 6 inches apart. Each of the four poles has an approximate diameter of 12 to 18 inches. The taller pole in each structure is 65 feet high while the shorter pole is 55 feet high. Each structure has a crossarm that is 25 feet long. There are three transmission wires strung on the crossarms of the two structures. At the lowest point the wire is 31 feet above the ground. The transmission lines carry 69,000 volts.

The easement is not located near the residence on the farm but is near the rear of the farm. Appellees retained the right to cultivate, fence, build roads over, or use the lands covered by the easement for any other purpose that does not conflict with the operation of the transmission lines. The only limitation is that buildings cannot be constructed on the easement area. The only interference with the present use of the property is that caused by the physical presence of the four poles. There are no other structures or buildings of any type located on the easement property and there are no guy wires or anchors.

The appraisal witnesses testified to the following values:

|  | Before Value | After Value | Difference |
|---|---|---|---|
| Owens | $ 14,250 | $ 13,500 | $ 750 |
| Story | 18,350 | 18,000 | 350 |
| Layton | 38,000 | 20,000 | 18,000 |
| Lane | 40,000 to 42,500 | 20,000 to 25,000 | Approximately 20,000 |

———◆———

Owens and Story testified for appellant. Layton and Lane testified for appellees. Neither of the appellees testified.

For the appellant it was shown that an adjoining 25-acre tract of land with better improvements had sold for $25,000, or $1,000 per acre. Also, a 76-acre tract of land located between the Bruner property and Lancaster had sold for $50,000, or approximately $645 per acre. Another sale

described as comparable was for 22.58 acres sold at slightly less than $700 per acre. It was further shown that the Bruner property was not suitable for residential subdivision purposes because of its proximity to the railroad and stockyard and because the residential development of Lancaster had been toward Lexington and Richmond and away from the Bruner property.

For the appellees it was shown that the best use of the property would be for residential subdivision purposes and that it was also suitable for commercial or industrial uses. Sales testified to as comparable were of several tracts consisting of 1 to 4 acres and ranging in price from $2,500 to $5,000. No objection was made to this testimony on the basis of incomparability.

 In Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, the rule is stated thus:

"If, however, the jury gives the evidence more weight and value than the maximum it is entitled to, the appellate court has power to set aside the verdict either on the ground of palpable excessiveness or on the ground that it is not sufficiently supported by the evidence."

See also Commonwealth, Department of Highways v. Aylor, Ky., 399 S.W.2d 723 (decided February 25, 1966).

Layton and Lane, testifying for appellees, affixed the damages at $18,000 and approximately $20,000, respectively. Such testimony is clearly and obviously so extravagant and unreasonable as to be an affront to common sense and ordinary intelligence. The assessed value of this entire property for taxes was $3,650; thus, the evaluations of damages for an easement of 1.19 acres made by the appellees' witnesses are between five and six times the assessed value for taxes of the entire 19 acres. The assessed value was only slightly more than the award made. It is not unusual for a landowner's neighbors and friends to testify

to exaggerated land values in a condemnation proceeding, but the testimony here exceeds the bounds of neighborliness and, by its extravagance, has lost its probative character. As such it is insufficient to support the verdict.

About the only interference with appellees' use of their land was the four poles placed thereon. Under the circumstances here the award of $3,250 for the easement is papably excessive. East Kentucky Rural Electric Cooperative Corp. v. Phelps, Ky., 275 S.W.2d 592; Salt River Rural Electric Cooperative Corp. v. Thurman, Ky., 275 S.W.2d 780.

Judgment reversed.