COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

S. B. ALLEN, Jr., et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1966.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., John P. Kirkham, Frankfort, Reed D. Anderson, Dept. of Highways, Jackson, for appellant.

O. J. Cockrell, Jackson, Nickell & Walter, Ralph N. Walter, West Liberty, Rose & Short, E. B. Rose, Beattyville, for appellees.

WILLIAMS, Judge.

To acquire right of way for construction of the Mountain Parkway, the appellant Commonwealth of Kentucky, Department of Highways, condemned a strip of land comprising 18.45 acres through the appellees' 131-acre farm. A jury in the Wolfe Circuit Court awarded $8,000 for the land taken and $8,000 for damage to the remainder. (The case was tried prior to Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 1963). The Commonwealth appeals on the ground that the testimony offered by appellees' witnesses did not have sufficient probative value to support a verdict of $8,000 for the land taken.

The farm consisted of approximately 60 acres of bottom land and 71 acres of hill land. The bottom land section of the property fronted on KY 15. A creek ran through the property, separating the bottom land (with the exception of three acres) from the hill land. The land taken by the Commonwealth included that three acres of bottom land plus 15.45 acres of hill land. Appellees were left with about 57 acres of bottom land on one side of the new parkway and 56 acres of hill land on the other. The hill property was landlocked after the parkway was constructed.

The witnesses for the appellees testified generally that the farm was worth $40,000 before the taking and $20,000 afterward. They ascribed a $9,000 value to the land taken and $11,000 damage to the remainder. Broken down, they allowed about $500 per acre for the land taken and $97 per acre for the land remaining. Of the 113 acres remaining, 56 were landlocked hill land and, consequently much reduced in value. But there also remained 57 acres of bottom land which fronted on KY 15.

Of course, breaking down overall estimates into acreage values does not always give an accurate picture of the competency of the appraisal. But in this instance there was absolutely no reason shown why there was such a radical discrepancy in the value ascribed to the land taken and to that remaining. Even if no value whatsoever were allowed for the landlocked hill prop-

erty, the comparable value of the remaining bottom land was figured substantially lower than the land taken.

We held in Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), that testimony such as was given here has *some* probative value, and a jury should accord it its proper weight and value. But, if the jury obviously and clearly gives the evidence more weight and value than the maximum it is entitled to, the verdict may be set aside. Here the testimony by appellees' witnesses was wholly illogical, and the verdict of the jury which was based upon it was not supported by sufficient evidence.

The judgment is reversed.