**Dorothy SITES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-MENT of HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

John W. Beard, Owensboro, for appellant.

Don Duff, Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment in a condemnation action instituted by the Department of Highways to acquire additional right-of-way for widening Highway 54 in Daviess County. The jury awarded the appellant, Miss Sites, $1,000 for a parcel of land measuring approximately .54 acres in size taken from her 15.23-acre plot near Owensboro, and she appeals from this verdict. The appellant presented two expert witnesses who testified respectively there

was a $5,000 or $5,200 difference in the value of the property before and after taking of the parcel. The Department's expert witness testified that the difference in value was $500. All three witnesses had experience in buying and selling real estate.

■ One of the questions is whether the verdict is palpably inadequate, not supported by evidence of probative value, and of such size as to appear to have been given under the influence of passion and prejudice or in disregard of the evidence. In the recent case, Commonwealth v. Stocker, Ky., 423 S.W.2d 510 (1968), this court set forth some of the considerations affecting review of awards in condemnation cases. The verdict must be properly supported by substantive evidence of probative value. It must not be so excessive or inadequate as to shock the enlightened conscience of the court, and it must not be given "under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court." The appellant argues that the verdict in this case is so grossly inadequate that the explanation must be that the jury did not feel the appellant should be adequately compensated. Without stating specific supporting facts, the appellant concludes that the jury's prejudice must have stemmed from fear that a fair verdict might deter new road programs in Daviess County. We cannot say that this verdict is inadequate merely because it displeases the appellant.

■ Appellant's allegations as to the testimony of the Highway Department's only expert witness appear to fall into three categories: (1) The probative value of his testimony was destroyed by the fact that he was not an impartial expert witness, but rather had been biased by long-time service as a professional paid witness for the Department and had shed the role of "expert" and had assumed the role of "advocate"; (2) that he considered improper factors in making his evaluation; (3) and that he was permitted to testify

about many things of which he did not show expert knowledge. A discussion differentiating between competency of evidence, relevancy of evidence, and its probative value, and discussing the necessity of objections to competency and relevancy is contained in Commonwealth v. Tyree, Ky., 365 S.W.2d 472 (1963). We said that "(s)ince the use of irrelevant measures of value or legally noncompensable elements in reaching an estimate of value is a matter of relevancy of the evidence it seems clear that it is necessary to make an objection or a motion to strike at the trial in order to preserve grounds of error for appellate review." The Department asserts that, having failed to object to any improper factors in the Department's testimony at the trial stage, if in fact there were any, appellant cannot now raise the issue on appeal. There were no objections on this issue presented at the trial, so we cannot consider them here.

The charge by appellant that the Department's expert was allowed to testify as to matters of which he did not show expert knowledge, would be, we suppose, an objection to the competency of the evidence in that the witness may have been permitted to testify in areas in which he had not qualified as an expert witness. If this is the allegation being made, it is not sufficiently clear to which evidence appellant is specifically referring and, in any event, appellant failed to preserve this question for appeal by not objecting at the trial.

Was the evidence of appellee's witness based on the correct description of the size of the land taken? So far as it can be determined from reading the brief of appellant and her testimony and that of the highway engineer, the controversy stems from the fact the judgment describes the land as beginning on the centerline of Highway 54, which would make the condemned portion more than the .54 of an acre which was the figure used by the Department in its calculations since the state already owned the .126 of an acre between the highway and appellant's fence, and appellant did not claim that portion. Apparently it was clear to both parties, in spite of the description in the judgment, what the Highway owned and what appellant owned, and the estimates of both parties as to value were based on the taking of .54 acre by the Highway Department.

It was not obligatory for the jury to believe any particular witness or set of witnesses, but rather to weigh the testimony of each and all, and to reach a just verdict. We have been shown nothing which convinces us that the present verdict was erroneous.

The judgment is affirmed.

All concur.