George **SITES** et al., Appellants,

v.

**COMMONWEALTH** of Kentucky, **DEPART-MENT OF HIGHWAYS**, Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

John W. Beard, Beard, Rummage & Kamuf, Owensboro, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, M. T. Quinton, Jr., Harvey G. Ershig, Madisonville, for appellee.

DAVIS, Commissioner.

In this condemnation proceeding a jury awarded the appellants $1,700 as the total difference in before and after values incident to the procurement of additional right of way required for widening existing Kentucky Highway 54 near Owensboro. The property owners have appealed, asserting that (1) the verdict is palpably inadequate and not supported by evidence of probative value; (2) the evidence offered by witnesses for appellee was not based on the description of the condemned property as contained in the county-court judgment; and (3) competent evidence heard by the jury required a higher verdict than was returned.

Before the taking appellant's thirty-acre farm lay in a substantial rectangle with frontage of approximately 638 feet along existing Kentucky Highway 54. The Department acquired a strip along the entire frontage; no improvement was disturbed. There was no change in access to the road. The property was described in the condemnation proceedings by use of a beginning point in the center of the existing right-of-way line of Kentucky Highway 54. The description recited courses and distances along the center line, thence so as to include a portion of the appellant's property outside the existing right of way. It was shown that the entire boundary, as described in the condemnation proceeding, contained 0.89 acres, of which 0.21 acres lay within the existing right of way and 0.68 acres lay within the portion being added to the right of way.

Each side presented one evaluation witness. For the Department the before value was fixed at $55,000 and the after value at $53,500, resulting in a difference of $1,500. For the landowners the before value was stated to be $135,000 and the after value $127,000, with resulting difference of $8,000. The jury found the before value as $75,000 and the after value as $73,300, accounting for its verdict of $1,700. Each of the witnesses who expressed an opinion as to value undertook to support the opinion by reference to sales considered by him to be persuasively comparable. The witnesses professed experience and training in appraising real estate sufficient to enable them to express expert opinions. The appellants argue that the verdict is palpably inadequate and not supported by evidence of probative value, because the values fixed in the verdict were not related by any witness from either side. The appellee correctly points out the fallacy in this argument of appellants, citing Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, in which it was written:

"The problem of determining the probative worth of opinion evidence of property values is a most difficult one. Property values ordinarily are not susceptible of exact measurement, so opinions must be resorted to. It is almost inevitable that opinions of different witnesses will vary and the range between the high and the low may be substantial. If the high and low estimates both have full probative value the jury necessarily must have the discretion to choose either of them or any amount between them." Id. 365 S.W.2d 475.

**410**

We think the case at bar falls aptly within the rationale of the rule just quoted, so that the verdict may not be said to be palpably inadequate or lacking support by evidence of probative value.

■ The second claim of error asserted by appellants relates to their contention that they were somehow prejudiced when the Department's engineer was permitted to testify that 0.21 acres of the described condemned parcel lay within the existing right of way. There is no contention that there was any element of surprise or that appellants were misled by the appellee. Neither of the evaluation witnesses undertook to fix his appraisement on an acreage basis anyway. The witness who testified for the appellants said that he did not make any adjustments in his appraisement figures based on any notion that the Department, rather than the appellants, already owned the 0.21 acres within the existing right of way. It is apparent that the jury fully understood the extent of the acquisition. No demonstrable prejudice to the rights of the appellants appears, so the claim of error is without merit.

■ The final basis for reversal is the claim that the jury was required to return a higher verdict by reason of competent evidence before it. So far as we can discern, this is simply another way of asserting that the verdict is inadequate. As noted in the discussion of the first claim of error, we are unable to say that the verdict is inadequate. Neither are we persuaded that the quality of proof offered in behalf of the appellants was so strong as to compel the jury to return a verdict awarding a higher amount than it did.

The judgment is affirmed.

All concur.