**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**James R. McCONATHY and Alla R. McConathy, wife, and Federal Land Bank of Louisville, Mortgagee, Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1972.

Don Duff, Dept. of Highways, Frankfort, George E. Stigger, III. Perdue & Stigger, Henderson, for appellant.

Charles B. West, Joseph E. Ternes, Jr., West, Markwell & Bryant, Henderson, for appellees.

CULLEN, Commissioner.

The K ntucky Department of Highways condemned a 0.45 acre parcel of land at the southeast corner of the 151-acre farm of James R. McConathy and wife. The commissioners in county court awarded damages of $2,000, but on appeal by the McConathys to the circuit court the verdict was for $8,750. The department appeals from the judgment entered on that verdict, claiming that the verdict is excessive.

The eastern boundary line of the McConathy farm, some 2800 feet in length, abuts on a country road called Adams Lane. A short distance south of the farm, Adams Lane originally intersected at grade level with Airline Road. This intersection was preempted by the right-of-way of a new super-highway known as the Audubon Parkway. To accommodate traffic on Airline Road, an overpass is being constructed over Audubon Parkway. The grade of Airline Road will of course be built up to form a ramp approaching the overpass bridge. Adams Lane is being curved to the west and its grade built up to form a ramp entering the Airline Road ramp just west of the bridge. The small parcel taken from the McConathy farm was needed because the curve to be made in Adams Lane was to begin at that point.

The parcel taken from the McConathy farm is 400 feet in length, along Adams Road, and from a maximum of 50 feet down to 25 feet in width. At the southern end of the parcel the grade of the Adams Lane ramp will be 11 feet above the level of the farm, but the grade will decrease to only four or five feet above the level at a point 100 feet north of the southern end of the parcel, to only two feet at the middle point of the parcel, and then gradually to zero near the northern end of the parcel.

The testimony for the landowners was that the farm's highest and best use was for residential subdivision development, and that for such use it had a "before" value of $1,500 to $1,750 per acre. The landowner's witnesses said that the "after" value of the farm was from $17,000 to $20,000 less than the "before" value. The major reason given by each of these witnesses for such a large diminution in value

was that the ramp on Adams Lane would depreciate the value of the land for residential lots because people will not pay as much for lots that "back up to a wall." A further alleged reason was that because of the ramp a street to serve the subdivision could not conveniently be built to enter into Adams Lane at the most desirable point. The latter reason has no validity because at the point at which the witnesses said the street should enter Adams Lane the grade of the road will be only two feet above the level of the land.

We are unable to find, in the testimony that the presence of the ramp will depreciate the value of the land materially for subdivision purposes, sufficient probative force to support a finding that the depreciation would amount to as much as the verdict of $8,750. No witness placed the per-acre value of any part of the farm at more than $1,750. The ramp has an appreciable grade along the farm for a distance of only 200 feet or less, and none of the lots would "back up" to the ramp, because the testimony was that the lots would be laid out with their sides parallel with Adams Lane. A strip of land 200 feet wide would have to extend 217 feet in length in order to make up an acre. It is not believable that the sale value of lots located over 200 feet from a 2- to 11-foot ramp would be significantly depreciated by the existence of the ramp. At the very most the depreciation reasonably could affect the acre of above-noted dimensions abutting on the ramp. This means that the damages under the evidence given could not reasonably exceed the value of the 0.45 acre taken plus one more acre. That would amount to a maximum of only a little more than $2,500.

The cost of building an entrance road across the drainage ditch that is being constructed along the edge of the right of way of Adams Lane is not a factor to be considered because there previously was a ditch there which the owner would have had to build across for an entrance to the proposed subdivision, even had there been no condemnation.

It is our conclusion that the evidence does not have sufficient probative value to support an award of damages anywhere approaching the amount of the verdict. Cf. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472.

The judgment is reversed, for further proceedings in conformity with this opinion.

STEINFELD, C. J., and HILL, MILLIKEN, NEIKIRK, OSBORNE and REED, JJ., concur.