COMMONWEALTH of Kentucky,
DEPARTMENT OF HIGHWAYS,
Appellant,

v.

Ruth DILLON et al., Appellees.

No. 74–664.

Court of Appeals of Kentucky.

Rendered: June 27, 1975.

Jim D. Robinson, Gen. Counsel, Asst. Atty. Gen., Dept. of Highways, Frankfort, C. E. Skidmore, Lexington, for appellant.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, W. W. Burchett, Prestonsburg, for appellees.

STERNBERG, Justice.

This condemnation case arose from the acquisition of property for the reconstruction of U. S. Highway 23 between Prestonsburg and Pikeville, in Floyd County, Kentucky. The appellant challenges the jury award of $188,000 for the property taken as being excessive.

The property involved is a tract containing 9.1 acres lying between the old U. S. Highway 23 and the low water mark of the Levisa Fork of the Big Sandy River. The tract fronts on the road for approximately 2,700 feet. At the south end of the tract there is 70 feet between the highway and the low water mark and a difference in elevation of 40 feet. As one proceeds north, after the first 1,000 feet, the depth of the property constantly increases to a maximum depth of 430 feet. At the north end of the tract the old highway is 70 feet

above the back edge of the property. Also, the river bank curves away from the old road on the northern end so that there are approximately two to two and one-half acres of level land before the property slopes down toward the river. Improvements on the property included a one-room office building, a well, a toilet, and a graveled parking area. The condemned property was used as a site for selling monuments.

The Commonwealth has taken 6.8 acres, including the improvements and all but one-half acre of the level land. The remaining 2.3 acres front on the new road for a distance of 530 feet. The remaining tract is still being used for selling monuments.

The mineral rights had been severed from the property. An agreed judgment in the amount of $3,359.20 was entered for those rights.

A jury trial was held to determine the value of the surface interest which was taken. The evidence admitted at the trial as to the before and after values, together with the jury verdict, is summarized as follows:

| Witness | Before | After | Difference |
|---|---|---|---|
| For Appellant—Department of Highways | | | |
| Garrison | $ 20,000 | $ 2,500 | $ 17,500 |
| Hamilton | 20,000 | 3,000 | 17,000 |
| For Appellees—Landowners | | | |
| Weddington | $222,000 | $34,000 | $188,000 |
| Childers | 220,000 | 35,000 | 185,000 |
| Jury Verdict | | | |
| | $222,000 | $34,000 | $188,000 |

The trial resulted in a judgment of $188,000 for the appellees. After appellant's motion for a new trial was overruled, this appeal was taken.

The appellant claims that the jury verdict is excessive and unsupported by sufficient probative evidence.

■ The facts reveal that appellees purchased this 9.1-acre tract, without mineral rights, on November 30, 1967, for $10,000. There is nothing in the record which indicates that the price was not the fair market value of the property at that time. In the absence of any showing that this price was not established by a voluntary, arms-length transaction, this court will assume that $10,000 was the fair market value of the tract at that time. Appellees improved the property by building a one-room office building, a well, an outdoor toilet, and a graveled parking lot, which would nominally enhance the value of the property. On September 28, 1970, the Commonwealth took 6.8 acres of the tract. All of the improvements were located on the portion taken.

Weddington, appellees' first appraisal witness, testified that he knew of no changes in the neighborhood in the three years that appellees had owned the property. Childers, the second appraisal witness for appellees, testified that be believed the demand for land in the area had not substantially changed in the ten-year period preceding the trial. These conclusions certainly eliminate the probative value of the conclusion by the appellees' witnesses that the tract had increased in value by 22 times over a three-year period to a value of $220,000 at the time of the taking.

■ A properly qualified witness may testify as to before and after values without stating any factors that he took into consideration, and his testimony will have some probative value. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472. In this case, however, the evidence that the property sold for $10,000 only three years earlier, under substantially similar market conditions, strips the probative value from the bare testimony of the landowners' witnesses.

■ A reviewing court has the power to set aside a verdict on the ground that it is not sufficiently supported by the evidence. Commonwealth, Department of

Highways v. Tyree, supra. In this case the verdict suffers from this defect.

The judgment of the Floyd Circuit Court is reversed and a new trial ordered.

All concur.