COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Josie OLIVER, Widow, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 18, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Dept. of Highways, Jackson, for appellant.

Ralph N. Walter, Nickell & Walter, West Liberty, for appellees.

CLAY, Commissioner.

This is a condemnation case. The Commonwealth acquired a little over eleven acres of a 115 acre farm in Wolfe County. Approximately eight of the acres taken were bottom land and the remainder was hill land which could be cultivated. The jury awarded the property owners $10,000. It is the Commonwealth's contention that the testimony of appellees' expert witnesses lacked sufficient probative value to support this award.

The two witnesses for appellees fixed the market value of the farm before the taking at $22,000 and $24,000 respectively. The first witness, Dunn, gave an after value of "$12,000 to $13,000", making a difference of $9,000 or $10,000, and the other witness, Back, gave an after value of $13,800 or a difference of $10,200.

We may assume these witnesses were qualified as valuation experts. However, the Commonwealth contends their own testimony as to what they based their opinions upon not only failed to support their estimates but showed they had considered improper factors and sales of noncomparable properties. For example, Dunn, to justify his opinion that the bottom land taken was worth around $900 an acre, referred to sales of town lots and other small pieces of property which were in no respect comparable to the farm of appellees. He stated he did not know of any kind of farm in Wolfe County which had sold for as much as $22,000. He also attributed substantial value to the tobacco base on the farm, which was only .68 of an acre.

The other witness, Back, in justifying his estimates, stated that the property "would make a good subdivision", although there was no evidence of any kind that there was any prospect of a subdivision development in this area. The farm was located approximately a mile from Campton. He also based his opinion in part on the fact that bottom land was exceptionally good for tobacco raising. As we noted above, his farm has only a .68 acre tobacco base. A comparable sale to which he referred was that of a 100 acre farm which sold for $14,000. He did say appellees' property is "better located".

It may be observed that both of these witnesses used alternate figures as if the matter of a difference of several hundred or a thousand dollars was not of any importance. For example, witness Dunn said the value of the farm after the taking was $12,000 to $13,000. Witness Back said the bottom land had a value of $1,000 to $1,200 an acre. These were expert witnesses. They were called upon to give an honest opinion of the value of the specific property involved. A reading of their testimony gives the distinct impression that they were picking nice sounding figures out of thin air. The factors upon which they based their opinions no more supported an estimate of around $1,000 an acre, which the jury allowed, than they would have supported estimates of $2,000 or $3,000 an acre.

It is evident to us that the jury, in awarding approximately the highest valuation of these two witnesses, completely ignored the impropriety of many of the factors upon which they based their opinions and accepted these opinions at face value without adequate supporting facts. As we said in Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, the lack of supporting facts affects the extent to which the probative value of an estimate will go.

Ordinarily we should leave to the jury the determination of the probative value of evidence, although verdicts in proceedings of this kind are not accorded the same sanctity as those based upon other factual determinations. Kentucky Hydro-Electric Co. v. Reister, 216 Ky. 303, 287 S.W. 357, 359. When valuations appear at first blush to be extravagant, and after an opportunity to do so expert witnesses fail to disclose a sound basis for their opinions and demonstrate that factors have been considered which are not proper or pertinent, we believe justice demands that we set aside the verdict on the ground that it is not supported by the evidence and is consequently excessive. See Louisville & N. R. Co. v. Burnam, 214 Ky. 736, 284 S.W. 391; Kentucky Hydro-Electric Co. v. Reister, 216 Ky. 303, 287 S.W. 357.

The judgment is reversed, with directions to set it aside and grant a new trial.