COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Willie J. RILEY, Executrix of the Will of Bartley J. Riley, et al., Appellees.

Court of Appeals of Kentucky.

March 12, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Richard Peek, Paducah, for appellant.

Adrian H. Terrell, Paducah, for appellees.

MILLIKEN, Justice.

This is an appeal by the Department of Highways from a judgment rendered in

November, 1962, which awarded the appellees $20,000 for the condemnation of 2.07 acres plus $10,000 resultant damage to the remaining one-tract 5.77 acres of their farm. The Department contends the award is excessive and based largely on noncompensable factors, and on the latter point we agree. The county court had awarded a total of $19,500 and both sides appealed to the circuit court.

The farm fronted 820 feet on U. S. Highway 641 and a strip approximately 100 feet in width was taken along the entire frontage for construction of a portion of the relocation of the road near Eddyville, occasioned by the building of Barkley Dam. The condemnation and relocation put the new road in a cut about ten feet from the appellees' residence, took their barn and closed both ends of their semicircular driveway into the farm as well as destroying trees and shrubbery. The appellees obviously have suffered substantial damage, but we think the amount allowed may be excessive because of violations of the principles and factors announced by our recent decisions for the governance of highway condemnation proceedings, decisions which neither the trial court nor counsel had available for guidance at the time of this case. Commonwealth, Department of Highways v. Carlisle, Ky., 362 S.W.2d 104; Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844; Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922; Commonwealth, Department of Highways v. Oliver, Ky., 385 S.W. 2d 173; Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776.

The property here involved was being used for residential purposes and as a farm. There were no commercial businesses upon it and no testimony that such businesses were planned for it in the reasonably proximate future, nor that subdivision of the property into lots for commercial use was planned soon although the property was adjacent to the City of Eddyville. In Commonwealth, Department of Highways v. Gearhart (1964), Ky., 383 S.W.2d 922, we said:

"Our cases have consistently observed the rule that it is appropriate to admit testimony of the adaptability of property for particular uses, even though the property is not then being so used. However, the rule is subject to the qualification that if the land is reasonably adaptable to another use, there must be an expectation or probability in the near future that it can or will be so used. See East Ky. Rural Elec. Co-op. Corp. v. Smith, Ky., 310 S.W.2d 535, and Bowling Green-Warren County Airport Bd. v. Long, Ky., 364 S.W.2d 167, and cases discussed therein."

See, also, Commonwealth, Department of Highways v. Oliver, Ky., 385 S.W.2d 173.

The two factors which were improperly emphasized by the valuation witnesses for the property owners were loss or change of access and the availability of the property for commercial use when no reasonable expectation was shown to so use the property. In the present case the loss of access factor and the commercial use factor were closely intertwined, for without the ready access to the highway the property's potential for commercial use was greatly limited. The valuation which controls is the value at the time of the taking—in this case, as residential or farm property unless it can be shown that it is transitional property reasonably expected to be soon used as business property.

The landowners assert that the verdict should be permitted to stand because specific objections were not made by the state to testimony as it was offered, but motions to exclude the evidence of certain witnesses were made at the close of their testimony upon the ground that their valuations were made after consideration of improper factors. When this sort of error required cross-examination to develop as

it did here, the use of a motion to exclude at the end of the testimony of the witnesses was about the only practical way of reaching it. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, at page 479.

When the judgment is as obviously liberal as it is here, we cannot say valuations based on noncompensative factors are not prejudicial. See Commonwealth, Department of Highways v. Napier, Ky., 387 S.W.2d 861, decided March 5, 1965.

The judgment is reversed.