**COMMONWEALTH of Kentucky, for the Use & Benefit of the UNIVERSITY OF KENTUCKY, Appellant,**

v.

**Claude L. COFFEY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 2, 1966.

R. B. Bertram, Bertram & Bertram, Monticello, James A. Hicks, Hicks & Lovelace, Albany, for appellant.

Charles C. Adams, Norma B. Adams, Adams & Adams, Somerset, Bruce H. Phillips, Monticello, for appellees.

DAVIS, Commissioner.

Pursuant to KRS 164.260 the University of Kentucky prosecuted this condemnation action to acquire a tract of land from appellees. The record reflects that the tract contains about 38 acres, and all of it is being taken. The property is situated in the Union Ridge section of Wayne County, west of Lake Cumberland. County court commissioners reported $3,250 as the value of the property; a jury in county court made an award of $3,250. Upon appeal to the circuit court a jury returned its verdict fixing $6,000 as the award. Appellant attacks the judgment asserting that the $6,000 verdict is excessive and unsupported by the evidence.

Appraisal witnesses for appellees placed a value of $300 per acre on the tract—a total of $11,400 for the 38 acres. This evaluation was rested upon the view of the witnesses that the land possessed substantial potential for lake-site lots.

On the other side of the coin was evidence that appellees bought the tract on November 19, 1962, for $2,500; that it had then contained a tobacco base and a corn base, both of which they had been able to have transferred to other property nearby. It was also shown that since the 1962 purchase the appellees had cut about 500 cedar posts from the tract, and these posts were valued at about $250. For 1963 and 1964 the appellees listed the property for taxes at a total figure of $500. Witnesses for the appellant placed estimates of the tract's value between $2,500 and $3,500.

One of the critical questions in the evaluation of appellees' property is the matter of feasible access from the tract to nearby Lake Cumberland. The appraisal witnesses for the appellees admitted that the land would have relatively slight value without reasonable access to the lake. It appears that the tract involved does not abut upon the lake, but that property owned by the United States lies between it and the lake. The appellant has leased the land lying between appellees' property and the lake, and it is indicated of record that no access to the lake can be expected across this land.

On the other hand, there is evidence in behalf of appellees that access to the lake is to be had over three separate roadways, all of which are in a state of disrepair. The record warrants the inference that the roadways are substantially abandoned by whatever public authority may have once maintained them. For example, one of the witnesses for appellees gave this evidence respecting the roadway:

"Q. Did you go up and down this road to the lake on March, this year?

A. No sir, I didn't.

Q. I will ask you if the road isn't impassable?

A. I don't know about that. I didn't go to the Lake. I guess it is though.

Q. How much would that land be worth for subdivision for camp sites if you couldn't get across the government land to the water?

A. If you couldn't get across the government line (sic) and had no way to get down to it, it wouldn't be worth much. You can't see the lake, much of it."

In this connection, one of the appellees testified on cross-examination:

"Q. Why are you asking the jury to give you more than you say it is worth?

A. They are going to close up this road and that is going to stop us up.

Q. The road has been closed a while, hasn't it?

A. You can go to the Lake.

Q. The road to the Lake was closed when you bought this in 1962, wasn't it?

A. You can get over the hill but hard to get back up.

Q. The road was closed when you bought it in 1962, wasn't it?

A. What do you mean, closed?"

The appellee explained that he understood such a road could not be closed, although it is apparent from his evidence that the road was not a satisfactory one even when he bought the property.

We think the situation respecting the inaccessability of the property to Lake Cumberland substantially foreclosed the use of the property as lake-site subdivision, even as of the time it was purchased by appellees. There is no evidence to support the verdict of $6,000 if the tract was not adaptable for subdivision. Upon the authority of Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, Commonwealth, Dept. of Highways v. Riley, Ky., 388 S.W. 2d 128, and Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922, the verdict of $6,000 is palpably excessive and unsupported by evidence of probative value.

The judgment is reversed for proceedings consistent with the opinion.