COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Isaac WYATT et al., Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Eugene H. Clark, Dept. of Highways, Frankfort, for appellant.

W. B. Early, C. B. Upton, Williamsburg, for appellees.

MONTGOMERY, Chief Justice.

Isaac Wyatt and his wife, appellees, were awarded $10,000 for the taking of a lot for the construction of Interstate Highway 75 through Williamsburg. The Department of Highways, Commonwealth of Kentucky, appeals from the judgment and urges that the verdict was excessive.

The lot fronted 100 feet on West Main Street, also referred to as "Old Kentucky Highway 92," and was located about 1.2 to 1.5 miles from the Whitley County Courthouse. Two unimproved streets, Fourteenth and Lake, were adjacent to two sides of the lot. The rear of the lot was 119 feet wide. The depth of the lot varied from 150 to 151 feet.

A residence on the lot had burned in 1961, leaving the concrete foundation. A septic tank, a small shed occupying 54 square feet, and a concrete block garage, 21 feet by 22 feet, with composition shingle roof and concrete floor, were the improvements on the lot. The lot was generally level but sloped slightly in the rear. There were some shade trees and an apple tree. Immediately before the taking in July 1964, there was a mobile home on the lot, which produced a rental of $10 per month. All of the lot was taken.

Two appraisers for appellant made evaluations of the property of $2,700 and $3,000, respectively. Three appraisers for the appellees valued the property at $10,000, $10,500, and $10,000–11,000 respectively.

The evaluations of the appellant's appraisers were based on sales claimed as comparable. Appellees' witnesses disputed the comparability of the sales and insisted that the appellees' lot was best suited for a commercial or business purpose, saying that

there were a grocery store, a service station, and a factory within two hundred yards of the lot. None of appellees' witnesses knew of any lot in the vicinity of the Wyatt lot that had been sold for a price near $10,000.

Among the sales claimed as comparable by appellant's appraisers was a lot two and one-half blocks from Main Street on Tenth Street that had sold for $6,250 in the month just prior to the taking here. That lot contained an area about three times the size of appellees' lot. It had no improvements. Appellees attempt to discredit this sale as comparable by saying that the lot sold had to be filled with dirt, which fact was disputed, that it was on a gravel road, and that the Wyatt lot had the improvements mentioned. In view of appellees' contention that the best use of the lot was for business or commercial purposes, there is a question whether the improvements mentioned would have increased or decreased its value. The neighborhood of the lot was primarily residential. There is no showing of any immediate demand at the time of the taking for business or commercial lots in that area.

In Paintsville-Prestonsburg Airport Board v. Galbraith, Ky., 433 S.W. 2d 868, it was held that the basis of value for land taken by condemnation is its use at the time of the taking unless there is a showing that there is a reasonable expectation or probability of a different use in the near future. See the cases cited therein for further discussion. As was said in the Airport Board case, the testimony here does not establish or suggest any business or commercial use in the near future of the lot taken. In the absence of such a showing, the testimony of the witnesses concerning such use lacks probative value and does not support the verdict. It is not enough just to say that property has a certain highest and best use unless the facts supporting such conclusion are stated. On the probative evidence here, the verdict was palpably excessive and shocks the conscience at first blush. Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510; Commonwealth,

Department of Highways v. George, Ky., 387 S.W.2d 580; Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922; Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472.

Judgment reversed.

EDWARD P. HILL, MILLIKEN, OSBORNE, STEINFELD and WILLIAMS, JJ., concur.