**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Sherman GOODPASTER, Jr., and Ella D. Goodpaster, Wife, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

Rehearing Denied Feb. 6, 1970.

Don Duff, C. E. Skidmore, Department of Highways, Frankfort, for appellant.

Robert F. Matthews, Jr., Greenebaum, Grissom, Dull, Matthews & Boone, Louisville, Roger A. Byron, Owingsville, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

The right of eminent domain was exercised in this proceeding to acquire three and one-half acres of land from the appellees' 60-acre farm for the purpose of the reconstruction of Kentucky 36 between the

city limits of Owingsville and Interstate 64, which skirts the city of Owingsville one mile from the interchange at the city.

The landowners were awarded $60,000 by the county court-appointed commissioners. A jury trial in circuit court resulted in a verdict for the landowners in the sum of $33,000. With little hesitation, we reverse the judgment.

The real bone of contention on this appeal is that the landowners are claiming an enhanced value of their farm due to the construction of Interstate 64 and its consequences. The appellant is contending that there was no enhancement to this particular property prior to the reconstruction of Kentucky 36. In support of this proposition, the appellant points out (1) "there has been no development or sale on" Kentucky 36 since it became generally known that Interstate 64 would be constructed five years previously; and (2) appellees' property "is located too far from the interchange for its value to be affected even if the property next to the interchange had sold at enhanced values." Appellees' property is located about 1,000 feet from the Interstate controlled-access fence.

The appellees' farm fronts 1,312 feet on Kentucky 36 and 770 feet on Kendall Springs Road. It contains approximately 10 acres of bottomland, 50 acres of hill land, a tenant house, and a large barn. Before the reconstruction of old Kentucky 36, the road extended around a hill leading into Owingsville on a 10 to 12 percent grade. The reconstructed Kentucky 36 follows a fairly straight line and is located on an 8 percent grade. The bottomland lay next to the highway at the south boundary next to the Interstate, and as one approached Owingsville, the bottomland became farther away due to the elevation of the old highway. Before the taking, the bottomland was 4 to 5 feet below the grade of old Kentucky 36 next to the Interstate, and going toward Owingsville, it became gradually lower until at the intersection at Kendall Springs Road it was some 30 feet below the grade of the old road. The new highway is elevated above the bottomland even more than the old road. The increased elevation runs from about one-half foot nearest the Interstate to 15 feet at the Kendall Springs Road intersection, which means that the bottomland is 4½ to 5½ feet below the road at the south boundary, and the bottomland is 45 feet below the road at Kendall Springs Road intersection.

The land condemned is located in a relatively narrow valley and is below the traveled portion of Interstate 64, so much so that appellees' land is not visible from Interstate 64.

It is not contended that any improvements were involved in the taking.

The witnesses for the appellant and those for the appellees virtually agree on the before and after values of the farm for agricultural purposes.

█ Appellees' position that the value of the farm was enhanced by the construction of Interstate 64 prior to the taking carries with that position the burden of proof to show such enhancement. See Commonwealth, Department of Highways v. Riley, Ky., 388 S.W.2d 128 (1965), and Commonwealth, Department of Highways v. Creason, Ky., 402 S.W.2d 426 (1966).

Appellees' two witnesses fixed the difference in the before and after values of the farm at the fabulous figures of $140,000 and $200,000 for the three and one-half acres taken. They said they based those values on other sales of property at interchanges to interstate highways, but when analyzed their comparable sales were not comparable at all. The sales they relied on were of property situated within 200 feet of the interstate right-of-way. As noted above appellees' property is 1,000 feet away therefrom. It is common knowledge that *only the land near the interchange has sky-rocketed in price* and that those values diminish quickly as one leaves the interchange.

Appellees' witnesses cite no sale of property as far away from an interchange as is appellees' farm.

We think the testimony of appellees' witnesses on values (for commercial purposes) represents pure conclusions without foundation in fact. We think that appellees have failed to substantiate the factor of influence from the proximity of Interstate 64 to their farm.

Appellees argue that the taking, consisting of level land for the most part, will not leave them sufficient level land for commercial use. The evidence, however, shows they will have 60 to 70 feet of level land between the outer boundary of the right-of-way taken and the small stream.

Returning for a moment to the influence of Interstate 64 on the before value of the farm, it is noted that there has been no demand or market for the land taken as of the trial. Under the rule announced in Commonwealth, Department of Highways v. Wyatt, Ky., 434 S.W.2d 807 (1968), the evidence of enhancement lacks probative value.

On the probative evidence here, we conclude the verdict is palpably excessive at first blush.

The judgment is reversed.

All concur.