**FULLER et al. v. CITY OF COVINGTON.**

Court of Appeals of Kentucky.

March 12, 1954.

———◆———

Stanley Chrisman, Covington, for appellants.

Edwin H. Henry, City Sol., Rodney S. Bryson, Asst. City Sol., Covington, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment giving the appellants $17,500 for their land condemned for a flood wall. They claim that they were entitled to $35,295 for the land taken and damages to the remaining property.

The appellants bought the land in 1947. It is referred to as Lots Nos. 75, 76, 77, 78 and 79, and consists of about five acres. On Lot No. 79 there is an old brick scale house, which is rented for $25 per month. The lots are unimproved and below the high-water mark on the west bank of Licking River. In 1952 the City condemned a strip through the center of the land, consisting of about three acres, for a flood wall and a 15 foot sewer easement adjacent to the west side of the flood wall. The land left to the appellants was a strip 1,000 by 60 feet fronting on the Licking River and accessible from the northern end only, and the greater portion of Lots Nos. 76 and 79.

The jury was instructed to find separately the value of the property taken from each lot and the amount allowed was to include incidental damages, if any, to the remaining adjacent real estate. The jury returned a verdict allowing for Lot No. 75, $3,730; for Lot No. 76, $2,060; for Lot No. 77, $4,400; for Lot No. 78, $4,680; and for Lot No. 79, $2,630. Numerous errors are asserted in the appeal from the judgment on that verdict.

■ The appellants contend that the court erred in permitting to go to the jury evidence on the assessed value of the property as fixed by the city assessor in 1944 and which continued through 1952 without change. Clifford Knapke, the deputy city assessor, testified that there was an objection made by the appellants to the assessed value of the lots in question. Harry Fuller was pointed out to him and he was asked if Fuller was the one who made the objection. Knapke said that he did not know the man but had seen him before. Harry Fuller did not deny that he had made an objection to the assessment. In 18 Am.Jur., Eminent Domain, section 350, it is said: "and an oral complaint to an assessor that the property was overvalued has been held competent as an admission."

■ The appellants contend also that it was error for the court not to instruct the jury specifically on the amount of property taken and the amount of property left af-

ter the taking. The amount of property taken and the amount remaining thereafter were referred to throughout the trial. A map exhibited to the jury showed clearly the whole situation. Under the circumstances, we do not think the jury was in any way misled by the instruction on this question. Other objections are made that the instructions did not present the case adequately to the jury. When the instructions are viewed in their entirety we think they did present the case fairly, and this was reflected by the amount of the verdict.

Judgment affirmed.