**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Nancy Yocum WYNN and Husband V. O. Wynn, Appellees.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, John E. Smith and Deddo G. Lynn, Dept. of Highways, Lexington, for appellant.

Frank G. Gilliam and William S. Black, Lexington, for appellees.

CULLEN, Commissioner.

The appellees, Nancy Wynn and husband, own a piece of land in Lexington which extends from South Limestone Street to Rose Street a short distance from the point where the two streets join at an acute angle. There are business structures on the land facing each of the streets. A state highway improvement project required a widening of the pavement of both streets, wherefore the Commonwealth of Kentucky, Department of Highways, brought a condemnation proceeding against the Wynns. The Commonwealth maintained that it was required to condemn only a narrow strip of the Wynns' land along Rose Street, and that the land in front of the Wynns' land on Limestone, between the sidewalk and the existing street, which was proposed to be used in widening the pavement, already had been dedicated to the public for street purposes by reason of having been paved and used for public parking, and therefore did not need to be condemned. However, it was adjudged by the circuit court in the condemnation action that the strip on Limestone had not been dedicated and that the landowners were entitled to compensation for it as well as for the strip on Rose Street. The verdict awarded a total of $10,750 in damages. The Commonwealth has appealed from the judgment entered on the verdict.

■ The judgment must be reversed because the verdict did not conform to the law and the evidence. In accordance with the rule set forth in Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302, the jury was instructed to find the "before" value, the "after" value, and the difference. The verdict was as follows:

> "Before Value ..............$40,000
> After Value ..............$29,250
> Difference ...............$10,750"

The trouble is that the lowest estimate by any witness of the "after" value was $4,400 more than that found by the verdict. The only assumption we can make is that the jury chose to put its own values on the property, ignoring the evidence.

This defect in the verdict requires reversal of the judgment. See Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302; Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249; Pierson v. Commonwealth, Dept. of Highways, Ky., 350 S.W.2d 487.

It is necessary to discuss two other questions.

The trial court ruled as a matter of law that the parking area in front of the appellees' property on Limestone had not been dedicated for public use and therefore the owners were entitled to compensation for its taking. The appellant maintains that the

issue of dedication should have been submitted to the jury under appropriate instructions.

The situation with respect to the parking area, at the time of the condemnation, was that the curb line of Limestone, coming from the south, made a right-angle jog at the south property line of the Wynn lot, clear to the sidewalk, and then followed the sidewalk edge north past the north property line of the Wynns and across an adjoining lot occupied by a Kroger store. The offset area thus created was paved substantially level with the street pavement. The offset in front of the Wynns' property was created in 1952 and it appears that the one in front of the adjoining Kroger property had existed for a number of years before that.

The city traffic engineer testified that the general public used the parking space without restrictions.

■ Both the intention of the owner to dedicate and the acceptance by the public may be inferred from use by the public for a substantial number of years. Freeman v. Dugger, Ky., 286 S.W.2d 894; Graves County ex rel. Robbins v. City of Mayfield, 305 Ky. 374, 204 S.W.2d 369; 16 Am.Jur., Dedication, sec. 35, p. 383. The question of the sufficiency of the use to show dedication or acceptance usually is for the jury. 16 Am.Jur., Dedication, sec. 88, p. 424. It is our opinion that the evidence in the instant case was sufficient to create a jury issue of dedication and acceptance.

■ The appellant sought to introduce in evidence copies of correspondence carried on in 1952 between the attorney for the *then* owner of the Wynn property (a man named Cowden) and the city manager. The trial court, for reasons which the record leaves obscure, refused to permit this evidence to be introduced. The substance of the correspondence was that Cowden asked permission of the city to "widen the street and set the curb line back" in front of his property, and the city refused to grant the request unless Cowden would grant an easement to the city for street purposes. While this evidence might possibly show an intent by Cowden to dedicate informally, at the same time it would show a refusal by the city to accept an informal dedication. So no effective, accepted dedication could be established by the correspondence. Proof of user had to be resorted to. The letters were of no value on the question of dedication and acceptance by long continued public use. We conclude that the correspondence properly was excluded.

The judgment is reversed for further proceedings in conformity with this opinion.