**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Leander CREASON, single, Appellee.**

Court of Appeals of Kentucky.

April 29, 1966.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Harold K. Huddleston, Elizabethtown, for appellant.

Morris Butler, Shuffett & Butler, Greensburg, for appellee.

MILLIKEN, Judge.

This is an appeal in a highway condemnation case in which the Department's valuations were reached on the basis of the highest and best use of the property as a farm (its actual current use), while the landowner's valuations were premised on the suitability of the land for subdivision or industrial usage since the condemned property was approximately 500 feet from the city limits of Campbellsville. Both litigants appealed the county court's award of $11,000 to the Circuit Court where a jury increased the amount allowed to $15,005 and judgment was entered accordingly, from which the Department has appealed.

Prior to the judgment of the Taylor County Court, the appellee's property consisted of 10.75 acres located approximately 470 feet from the city limits of Campbellsville and approximately 500 feet from U.S. 68, to which the property's only access was by way of a ten-foot graveled right of way. The property had previously been operated as a baby farm, and located thereon were a house, garage, woodshed and storage room, several small outbuildings, four shade trees, and several fruit trees. There were also two springs and a well providing water for the property. The por-

tion taken for right of way consisted of 3.89 acres, which severed the remainder of the property into tracts of 2.66 acres and 4.2 acres. The smaller tract consisted of a high bluff and was left landlocked. The portion taken for right of way had located thereon the house, garage, three outbuildings, fruit trees, shade trees and well. The springs were on the small landlocked tract.

The diverse theories of the best usage of the property invoked by the litigants is reflected in their respective estimates of before-value. For the Department the highest estimate of the value of the property before the taking was $12,500, while the highest estimate of before-value for the landowner was the landowner's own estimate, $38,362, but his expert witness was not far behind with an estimate of $33,225. There was just $2,300 difference between their maximum estimates of the value after the condemnation.

 This case presents an acute example of the omnipresent conflict between efforts to indemnify the landowner for the loss of the potential value of his property for possibly more remunerative uses such as residential development or industrial development, and the necessity of measuring the condemnation value in terms of the value of the property at the time of the taking—the so-called fair market value. To hold land for accretion in value is a recognized practice just as much as investing in common stocks, but the significant thing is that investment in both is subject to the forces of the market including the effects of governmental controls. It would seem fair, therefore, in condemnation cases to value the land taken on the basis of its use at the time of the taking unless it can be shown that an expectation or probability of residential or commercial uses in the near future can be shown. Commonwealth of Kentucky, Department of Highways v. Robinette (1965), Ky., 386 S.W.2d 719; Commonwealth of Kentucky, Department of Highways v. Gearhart

(1964), Ky., 383 S.W.2d 922. In the case at bar that was not shown, so the testimony as to the value of the property for residential or industrial purposes was not justified, and confused or misled the jury in reaching a verdict.

Furthermore, the specification of separate values for trees, springs, barns, etc., had no bearing on the use of the property for residential or commercial development and, consequently, had a tendency to cause the jury to duplicate or increase damages; the separate values for specific items were not elements to consider in appraising the property for residential or commercial development. The jury also found the after-value in an amount lower than the lowest estimate of any appraisal witness which was error; the verdict must be within the range of proof. Pierson v. Commonwealth of Kentucky, Department of Highways (1961), Ky., 350 S.W.2d 487; Commonwealth of Kentucky, Department of Highways v. Tyree (1963), Ky., 365 S.W.2d 472.

The judgment is reversed.