**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Sam BENSON and Betty Benson, his wife; Farmers & Merchants Bank, Mortgagee; and Peoples Bank & Trust Company, Mortgagee, Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, M. T. Quinton, Jr., Madisonville, Thomas L. Withers, Henderson, for appellant.

Jerry W. Nall, Nall & Stephens, Owensboro, for appellees.

EDWARD P. HILL, Judge.

Appellees were awarded judgment, pursuant to a verdict of $6,000 for 3.767 acres condemned for use in the construction of the Pennyrile Parkway, a limited-access highway. Landlocked by the taking is a small tract containing 0.826 of an acre.

Appellees' farm consisted of 37 acres before the taking and is situated east of U.S. 41. No improvements were taken. Appellees' access has not been materially impaired except for the small tract landlocked.

County court judgment was $4,000, from which both condemnor and the landowners appealed to the circuit court.

■ Appellant urges that the amount of the judgment is excessive and that certain evidence should have been excluded. We think the amount awarded is excessive.

The evidence by appellant's lone witness fixed the before value at $29,550, the after value at $28,000, for a difference of $1,550.

Appellees' two witnesses testified to before values of $29,000 and $26,000, after values of $21,500 and $18,500, for a difference of $7,500.

■ Appellees listed the farm with improvements for tax purposes at $12,000. Appellee Sam Benson admitted that part of the land was listed at $200 per acre and other parts at $150 per acre. This was competent evidence. Cf. Commonwealth, Department of Highways v. Lanter, Ky., 364 S.W.2d 652 (1963); Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714 (1960); West Kentucky Coal Company v. Commonwealth, Department of Highways, Ky., 368 S.W.2d 738 (1963); and Commonwealth, Department of Highways v. Brumfield, Ky., 418 S.W.2d 231 (1966).

Appellees' witnesses relied on three sales claimed to be comparable in sale value to appellees' land. They were (1) the Henry to Stull sale—$415 per acre; (2) the Shelton to Pittsburgh-Midway Coal Co. sale—$400 per acre; (3) Ashby to Armour Mobile Homes sale—$846 per acre.

It should be noted that the third sale involved property situated on a railroad and purchased for a factory site; whereas, appellees' farm was used as a residence and for cattle grazing.

We cannot justify a judgment for $6,000 for less than four acres of farmland by any stretch of the yardstick of appellees' own witnesses. See Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714 (1960); and Commonwealth, Department of Highways v. George, Ky., 387 S.W.2d 580 (1965).

Let us take for example appellees' highest valuation of $29,000, which is $790 per acre improvements included. At this liberal valuation, the four minus acres condemned, with no improvements, could only amount to less than $3,160. The verdict is nearly twice this amount.

■ Appellant also complains that prejudice resulted from the failure of the trial court to strike evidence of other sales, which it contends were not comparable to appellees' farm. Appellant had opportunity to point out any dissimilarity between the sales relied on by appellees as comparables both by way of cross-examination of appellees' witnesses and by its own witnesses. Unless comparable sales are clearly dissimilar as to the character of the land and its use, the question of degree of similarity is for the jury.

The judgment is reversed for a new trial.

MONTGOMERY, C. J., and STEINFELD, OSBORNE and WILLIAMS, JJ., concur.