COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

A. O. BROOKS et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1969.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, M. T. Quinton, Jr., Madisonville, George B. Baker, Jr., Henderson, Robert Rieckhoff, Frankfort, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

CLAY, Commissioner.

In this highway condemnation case the jury awarded $24,000 for the taking of 12½ acres from a 236-acre farm. It is necessary for us to consider only one of appellant's grounds for reversal.

The lowest after value fixed by the expert witnesses was $55,000. The jury verdict found that after value to be $53,000, $2,000 less than the lowest figure with respect to which there was expert testimony. We have consistently held that an award based on such a finding is without evidentiary support and requires reversal of the judgment. Commonwealth, Dept. of Highways v. Carson, Ky., 398 S.W.2d 706; Commonwealth, Dept. of Highways v. Shearin, Ky., 399 S.W.2d 736; Commonwealth, Dept. of Highways v. Creason, Ky., 402 S.W.2d 426; Commonwealth, Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615.

The landowner contends, however, that there was other evidence which supported the jury's after value finding. This evidence, introduced by the Commonwealth, established that the landowner had, for tax purposes, signed an assessment appraisal of his property for the year prior to the taking which valued the entire farm at $46,610. It is argued by the landowner that this figure was an evidentiary floor of after value, and the jury's finding of after value in excess thereof was within the range of values shown by the proof. This argument cannot be sustained.

■ It is settled in Kentucky that this assessment value fixed by the landowner is competent evidence against him on the issue of the before value of his farm.[1] Crittenden County v. Towery, 264 Ky. 606, 95 S.W.2d 233; Hoskins v. Commonwealth, 290 Ky. 400, 161 S.W.2d 169; Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714; Commonwealth, Dept.

of Highways v. Lanter, Ky., 364 S.W.2d 652. As noted in the Rankin case just cited, such a declaration constitutes an admission against interest where the landowner seeks to establish a higher value in a condemnation proceeding. See also Fuller v. City of Covington, Ky., 265 S.W.2d 934; and 39 A.L.R.2d 230.

■ The admissibility and evidentiary impact of an admission against interest are in some respects unique. An out of court declaration by anyone ordinarily would be incompetent as hearsay.[2] For this reason a party cannot properly introduce *on his own behalf* his prior self-serving declarations. 29 Am.Jur.2d, Evidence, section 621 (page 674). An opposing party, however, may introduce such a declaration *against* the admittor who is a party to discredit the latter's inconsistent claim, because the admission, as to the admittor, does not have any of the objectionable features of hearsay evidence. Wigmore on Evidence, 3rd Ed., Vol. 4, section 1048 (page 3).

■ We here have the most unusual situation where the party against whom an admission was properly introduced on one issue in the case is attempting to invoke that admission on another issue as self-serving evidence favorable to him. The landowner's assessment value was admissible against him on the issue of the *before* value of his farm. It was not conclusive against him but constituted substantive evidence of such value. Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714; Wigmore on Evidence, 3rd Ed., Vol. 4, section 1048 (page 6); 39 A.L.R.2d 239.

■ There are two reasons why this admission has no evidentiary significance on the issue of *after* value. In the first place, as we have indicated above, it is incompetent evidence on that issue because it has

---

1. The landowner objected to the introduction of this assessment value at the trial, but on this appeal is now, on the point under consideration, relying exclusively on this evidence.

2. There are exceptions not pertinent here.

lost its character as an admission against interest, and insofar as it constitutes evidence favorable to the admittor, it has all of the objectionable features of self-serving hearsay evidence. It is not competent as evidence on his behalf. United States v. Certain Parcels of Land, etc., 4 Cir., 261 F.2d 287.

■ Aside from that, it is irrelevant on the issue of after value. The *after* value situation is entirely different from the *before* value situation. A whole new set of circumstances must be considered. It is entirely possible that the utilization of the land taken would enhance the value of the remaining property. The landowner's own argument confirms the irrelevancy of this evidence on the after value issue since he contends, and it normally would be true, that the after value would be *less* than the before value. The 46,000 figure cannot possibly represent *both* before and after valuations. This evidence would not have been competent or admissible on the issue of after value if the Commonwealth had sought to introduce it *against* the landowner, for the simple reason that it did not purport to fix a value of the property after the taking. The evidentiary value of an admission is its pertinency to the fact in issue. 29 Am.Jur.2d, Evidence, section 601 (page 657).

■ It is clear that the appraisal value of $46,610 fixed by the landowner was not based upon any after value considerations, would not have been admissible as evidence on behalf of the landowner on that issue, and lacks probative value to support a jury finding of such an after value. Consequently this figure cannot be interpolated into the lower limit of the after value range. The verdict was not supported by the evidence and the judgment based thereon cannot stand.

The judgment is reversed.

All concur.