COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Cecil STALLINGS et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1971.

Don Duff, Gen. Counsel, Louis Kawaja, Dept. of Highways, Frankfort, for appellant.

W. Earl Dean, Dean, Dean & Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

EDWARD P. HILL, Jr., Judge.

By this proceeding the appellant is condemning 16.50 acres from appellees' farm plus 1.17 acres for a permanent easement to be used for the reconstruction and relocation of Kentucky Highway 53 in Washington County, Kentucky, between Springfield and the Blue Grass Parkway. Before the taking, the appellees' farm consisted of 135.5 acres.

The right of way being condemned bisects the farm leaving 55.77 acres on the east side of the new road and 62.06 acres on the west side. No improvements are disturbed by the taking with the exception of a farm pond.

Appellees were awarded a verdict of $23,500 in the circuit court. The county court judgment, pursuant to the commissioners' report, fixed the value of the land taken at $19,800.

The two following grounds are presented on behalf of appellant for reversal: (1) The jury erroneously found the after value less than that testified to by any witness; and (2) the verdict is palpably excessive on its face and is not supported by evidence of probative value.

Appellees' two witnesses fixed before values ranging from $56,000 to $54,200, and after values from $29,000 to $28,514, indicating a difference of $27,000 by the wit-

**724**

ness Wheatley and $25,686 by the witness Janes.

Two witnesses testified for the appellant concerning the before and after values of the farm. The witness Collier gave a before value of $44,037 and an after value of $29,037, for a difference of $15,000. The witness Cave stated that in his opinion the before value was $46,500 and the after value $30,500, for a difference of $16,000.

The verdict set the before value at $47,-500 and the after value at $24,000, making an award for appellees of $23,500.

It will be necessary that we discuss only appellant's first contention as the results of this discussion will make it unnecessary to deal with its second argument.

█ The first contention as noted above is that the evidence required the jury to fix the after value at more than $24,000. This is true. Appellees maintain that the jury could accept the assessed value of $24,000 shown by appellees' tax assessment for the year 1967, which was introduced by the appellant, but this assessment was made around January 1, 1967, which was nearly six months before the taking (June 29, 1967), and it was introduced by the appellant to discredit the appellees' high estimates of before value. Such assessment could be used by the appellant for that purpose or a declaration against the interest of the admittor. But it could not be relied upon by the admittor for any of his purposes because as to him it was a self-serving statement. Commonwealth, Department of Highways v. Brooks, Ky., 436 S.W.2d 499 (1969). It follows that there was no substantial competent evidence to support that part of the verdict fixing the after value of the appellees' farm. The judgment, therefore, under the rule announced in Brooks, supra, cannot stand.

The judgment is reversed.

All concur.