**COMMONWEALTH of Kentucky DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Eva Grace MARTIN et al., Appellees.**

Court of Appeals of Kentucky.

April 2, 1971.

Don Duff, General Counsel, Dept. of Highways, Frankfort, Harvey G. Ershig, Dept. of Highways, Madisonville, for appellant.

J. Gordon Lisanby, Princeton, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding the jury fixed "before" value at $50,000, "after"

value at $41,500, resulting in a verdict for $8,500. The lowest "after" value expressed by any appraisal witness was $43,250. The condemnor's motion for new trial was sustained by the trial court upon the authority of such decisions as Commonwealth, Department of Highways v. Wynn, Ky., 396 S.W.2d 798; and Commonwealth, Department of Highways v. Creason, Ky., 402 S.W.2d 426. This court's decision in Stucker v. Bibble, Ky., 442 S.W.2d 578, published shortly after the trial court's ruling sustaining the motion for new trial, induced the trial judge to set aside the order granting a new trial and to deny the motion for a new trial on the premise that the condemnor had waived the error by failing to timely move for a correction of the verdict. The condemnor contends that the trial court's original ruling was correct and asks reversal for a new trial.

■ The rationale of Stucker v. Bibble, Ky., 442 S.W.2d 578, is not applicable in the present case. In Stucker the verdict was *inconsistent on its face*, since it provided for an award of $825 for medical expenses while denying any recovery for pain and suffering incident to the injuries for which the medical expense was incurred. Cf. Smith v. Crenshaw, Ky., 344 S.W.2d 393, 395, in which it was pointed out that a timely motion for the jury to correct a verdict should be made " * * * in any case where the verdict is incomplete, ambiguous, inconsistent, irregular or otherwise defective * * *." The court did not mean to imply that a litigant is required to ask that the jury correct or reconsider a verdict deemed unsupported by the evidence. Such a verdict contains no patent inconsistency on its face and is not within the ambit of the principles enunciated in Smith v. Crenshaw and followed in Stucker v. Bibble, just cited.

The appellees contend that that the verdict was proper even if the rule of Stucker

v. Bibble is inapplicable. In support of that position appellees note that the jury viewed the property, pursuant to the condemnor's motion. Additionally, appellees call attention to the fact that the condemnor introduced evidence by the property-valuation administrator that the property had been listed for taxes for 1968 at $31,800. (The date of taking was June 17, 1968.)

■ Appellees recognize that this court has held that a jury's view of the premises is no basis for upholding its verdict which is beyond the range of the testimony. Cf. Pierson v. Commonwealth, Dept. of Highways, Ky., 350 S.W.2d 487. Also, the appellees acknowledge that the rule set forth in Commonwealth, Dept. of Highways v. Brooks, Ky., 436 S.W.2d 499 (followed in Commonwealth, Dept. of Highways v. Stallings, Ky., 465 S.W.2d 723, decided March 26, 1971), appears to foreclose the contention that the tax evaluation may be considered as evidence *for* the landowner. To overcome these precedents, appellees argue that the condemnor should have requested an admonition by the court to the jury, specifically informing the jury of the limited purposes of the view of the premises and the evidence of tax assessment. It is candidly admitted by appellees that no precedent for such a ruling has been found. The court is of the view that no such admonition should be required in the circumstances presented.

The judgment is reversed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, PALMORE, REED, and STEINFELD, JJ., concur.

OSBORNE, J., dissents for the same reasons set out in Stucker v. Bibble, Ky., 442 S.W.2d 578.