**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Ada BAUMAN, Executrix of the Estate of Fred F. Bauman, Deceased, Appellee.**

Court of Appeals of Kentucky.

May 28, 1971.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Jack M. Lowery, Jr., Robert A. Becht, Louisville, for appellant.

Marshall B. Woodson, Jr., Woodson, Barker & Durning, Louisville, for appellee.

VANCE, Commissioner.

In this condemnation proceeding the jury fixed the "before value" at $40,000.00, the "after value" at $26,000.00 and awarded the landowner the sum of $14,000.00. The "after value" fixed by the jury was $2,000.-00 less than the amount fixed by any witness and consequently the verdict was not supported by the evidence. Commonwealth, Department of Highways v. Brooks, Ky., 436 S.W.2d 499 (1969); Commonwealth, Department of Highways v. Creason, Ky., 402 S.W.2d 426 (1966) and Commonwealth, Department of Highways v. Wynn, Ky., 396 S.W.2d 798 (1965).

The Department of Highways moved for and was granted a new trial upon the ground that the verdict was not based upon "before" and "after" values within the limits of the range of testimony as to those values. Thereafter, on the authority of Stucker v. Bibble, Ky., 442 S.W.2d 578 (1969) the order granting the new trial was set aside and the original judgment was reinstated. The Department of Highways has appealed.

Stucker v. Bibble, supra, held that an inconsistency or defect in a verdict, apparent upon the face of the verdict itself, was waived if the verdict was accepted by the parties without objection and without motion for correction.

This case is identical with Commonwealth, Department of Highways v. Martin et al., Ky., 465 S.W.2d 302, (1971). We held therein that Stucker v. Bibble was not applicable to a factual situation identical with this case. We reaffirm that decision.

The judgment is reversed and the case is remanded to the circuit court for further proceedings in conformity with this opinion.

All concur.

Concurring opinion by OSBORNE, J.

OSBORNE, Judge (concurring).

I dissented in the case of Stucker v. Bibble, Ky., 442 S.W.2d 579 (1969) and

there pointed out that the rule adopted by the majority was nothing more than a legal booby trap which would cause mischief in the future. This is the second appeal we have had since the Bibble case reflecting that trial courts are unable to apply that rule. See Commonwealth, Dept. of Highways v. Martin et al., Ky., 465 S.W.2d 302 (decided April 2, 1971). I am now more convinced than ever that the Stucker v. Bibble case, supra, is wrong.

For the foregoing reasons, I concur in the results only.