**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Willard CASTLE et al., Appellees.**

Court of Appeals of Kentucky.

June 4, 1971.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Edmond H. Tackett, Pikeville, for appellant.

J. K. Wells, Wells & Wells, Paintsville, for appellees.

DAVIS, Commissioner.

A jury awarded $8,000 to the appellees in this condemnation proceeding. The Department of Highways has appealed from the judgment, asserting that (1) the court should have sustained its motions to strike evaluation evidence offered for the appellees; (2) the verdict is excessive and not supported by competent evidence of probative value; and (3) it was error to permit appellees to introduce a subdivision plat.

Before the taking the land involved was a tract of 8.33 acres, divided by existing U. S. Highway 23, situated about nine miles north of Paintsville, about one-half mile from the boundary line between Johnson and Lawrence Counties. On the east side of the existing highway was an unimproved parcel, containing 1.82 acres of bottom land, fronting about 560 feet along U. S. 23 and sloping away from the roadway to Georges Creek. Across the road was a tract containing about six and one-half acres, upon which were situated the residence and other related outbuildings. Incident to widening and improving U. S. 23, the Department condemned the entire 1.-82-acre tract but left the larger tract undisturbed.

The appellees do not contend that the taking affected the market value of the remaining larger tract. It is their contention that the 1.82-acre tract was adaptable for subdivision and that its highest and best use was for that purpose.

There was wide variance of opinion evidence as to values:

The two witnesses for the Department thought the before value of the entire property ranged from $9,500 to $10,500, the after value from $8,400 to $9,000, with resulting differences of only $1,100 to $1,500.

The landowners presented three witnesses who estimated before values from $30,-000 to $30,600, and after value of $18,000. The resulting differences ranged from $12,000 to $12,600.

The jury fixed before value at $28,000, after value at $20,000, and returned its verdict for $8,000.

The first assertion of error pertains to the Department's claim that the evaluation testimony for appellees should have been stricken. The claim of error is twofold: (a) The three witnesses based their appraisals on noncompensable factors, such as sentimental value and the unwillingness of the owner to sell; and (b) two of the witnesses did not evince qualifications to present "expert" testimony.

It is true that Willard Castle, the landowner, made several references to the fact that he had bought the tract so his children could build on it; he expressed his unwillingness to sell and talked in terms of what the property was "worth to him." The appellees concede that all of these matters are improper evaluation factors, but contend that the overall impact of the testimony was predicated on proper factors. Some of the difficulty is ascribed by appellees to Mr. Castle's hearing impairment.

■ Without detailed elaboration, it suffices to note that a careful reading of the evidence, as respects the matters under consideration, reflects that the witnesses made it plain that they based their opinions on what the property would bring on the market, not on sentimental value or what it was worth to the owner.

■ The objection was made that Willard Castle did not qualify as knowing market values; reliance is placed on Commonwealth, Department of Highways v. Fister, Ky., 373 S.W.2d 720. However, Mr. Castle testified to knowledge of some recent sales which he regarded as comparable and professed to know the market value. As to Sterling Castle, the only objection to his testimony is based on his admission that he had not gone into the residence or inspected the other improvements. Because of the manner in which this case was presented, solely on the asserted value of the unimproved 1.82-acre

tract, intimate knowledge of the unaffected improvements was relatively unimportant. Hence, there was no error in refusing to strike the evidence of the witnesses.

■ Edd Redd testified and explained that the 1.82-acre tract was adaptable for subdivision into six residential building sites. On cross-examination, it was brought out that he estimated the market potential of four of the lots at $3,000 each and figured the other two would bring $2,500 apiece. But, he expressly denied that he added those figures to obtain his appraisal. He gave evidence of $12,600 as the value of the 1.82 acres, whereas a projection of his "per-lot" figures would produce a total of $17,000. The testimony he gave did not offend the principle announced in Commonwealth, Department of Highways v. Evans, Ky., 361 S.W.2d 766, because the witness expressly explained that he had not used a "per-lot" formula. The explanation he gave on cross-examination was an appropriate demonstration that he had carefully considered the "wholesale" price, not the ultimate "retail" price of developed lots. Commonwealth; Department of Highways v. Siler, Ky., 411 S.W. 2d 937.

■ It seems more orderly to treat the third claim of error at this point. It is charged that reversible error was committed by permitting the introduction of a plat reflecting a proposed or possible plan for subdividing the property. This was not error, but permissible as reflecting the susceptibility of the land for such subdivision. Commonwealth, Department of Highways v. Evans, Ky., 361 S.W.2d 766, 770; Commonwealth, Department of Highways v. Hester, Ky., 421 S.W.2d 840, 842.

■ Related to this claim of error is the appellant's contention that there was an insufficient showing of market demand for residential lots in the area. This contention overlooks the unequivocal testimony of Mr. Redd, who testified that a current demand exists in the locality for building lots.

The claim is made that the verdict is excessive and not supported by evidence of sufficient probative value. The verdict appears to be quite generous, but the court is not persuaded that it is of such an amount as warrants the invocation of the "first-blush" rule. There was competent evidence of sufficient probative value to support the verdict.

The judgment is affirmed.

All concur.