COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Paul E. CARRACO and Thelma Carraco,
his wife, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1972.

Don Duff, Gen. Counsel, Dept. of High-
ways, Frankfort, George F. Williamson,
Clark, Manby & Williamson, LaGrange,
John J. Blackburn, Covington, for appel-
lant.

Louis T. Peniston, New Castle, Alfred
W. Minish, Carrollton, for appellees.

GARDNER, Commissioner.

Judgment of the Carroll Circuit Court
awarded Paul E. Carraco and Thelma Car-
raco $10,000 for the taking of 2.03 acres of
land. The Department of Highways has
appealed contending the judgment is exces-
sive and is not supported by competent evi-
dence of sufficient probative value. We
affirm.

The 2.03 acres taken fronted on U.
S. 227 for 1200 feet with an average depth
of 75 feet. They were part of a 63.86-acre
tract lying within the city limits of Car-

rollton. Whether the verdict is so palpably excessive as to require a reversal is the main issue. The answer to the question demands a predetermination as to the highest and best use of the property. If the highest and best use was agricultural then we are compelled to say, under the evidence, the verdict of $10,000 for 2.03 acres is palpably excessive. Cf. Commonwealth, Department of Highways v. Benson, Ky., 437 S.W.2d 738 (1968). If there is evidence to reasonably establish the highest and best use as that of residential and commercial then we are at liberty to review the evidence to see if there was competent evidence of sufficient probative value to uphold the verdict. It is appropriate to admit testimony of the adaptability of property for particular uses, even though the property is not then being so used. The rule is subject to the qualification, however, that there must be an expectation or probability in the near future that it can or will be so used, Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968), or that the prospect that it will be or could be so used or developed is sufficiently imminent to affect its present market value, Commonwealth, Department of Highways v. Siler, Ky., 411 S.W.2d 937 (1967).

■ While the 63.86-acre tract (from which the 2.03 acres were taken) was in the city limits of Carrollton, it was not in a built-up section. It lay within an area which had been zoned by the city for commercial and residential purposes. Being within the city limits of Carrollton it had police and fire protection. Sewer service was accessible but had not been installed, which of course could be done only upon considerable expense. Mr. Carraco was permitted to introduce a subdivision plat which included land owned by a Mr. Williams as well as part of the 2.03 acres taken by the Highway Department. It was styled "Master Plan, Carraco-Williams Property, Carrollton, Kentucky." The Highway Department objected to the introduction of the plat on the ground that it

"* * * was incompetent and should not have been introduced to the jury * * *," but does not explain why it was incompetent. Since one of the issues was whether there was reasonable expectation that the affected property would soon be used for residential purposes, we believe the plat was properly admitted. Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776 (1964); Commonwealth, Department of Highways v. Castle, Ky., 467 S.W.2d 782 (1971).

■ Appellant points out that Carraco had listed his property with the tax commissioner for $23,000. This is a far cry from his testimony that the before value of the property was $167,150, but we have held that the owner-reported assessed value, while competent evidence as admission against the owner, is not conclusive. Commonwealth, Department of Highways v. Brooks, Ky., 436 S.W.2d 499 (1969).

■ Evidence in behalf of Carraco strongly supports the view, and the Department of Highways practically admits, that the property taken was suitable for residential or commercial use. The Department of Highways' main contention is that there was no reasonable expectation or probability in the near future that the property could or would be used for residential or commercial purposes. At best there remains an element of guesswork in arriving at the conclusion that a tract of this nature would or would not be developed into residential or commercial use. That element must be weighed against the evidence of imminent prospect of it being so developed. Both sides appeared to strain in presenting their respective views. However, there was competent evidence to support either contention.

It is significant that an expert appraiser for the Department of Highways testified, "I might add this property is probably in the transition period going from an agriculture use to a higher use which I feel will eventually lead into residential usage." We believe that the opinions of expert ap-

praisers in behalf of Carraco, together with the suitability of the property for residential or commercial use, the fact that it lay within the city limits of Carrollton, a thriving city on the Ohio River, the fact that the city had zoned the property as residential and commercial, the fact that the property had city fire and police protection, and the fact that more than a year before the taking Carraco had engaged an engineering firm to prepare a plat subdividing the tract into lots, supply evidence of sufficient probative value to support the view that the highest and best use of the property was that of residential or commercial. With that fact established we have no hesitancy in determining that the verdict was not palpably against the weight of the evidence. Commonwealth, Department of Highways v. Castle, Ky., 467 S. W.2d 782 (1971).

The judgment is affirmed.

STEINFELD, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE and REED, JJ., concur.