**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Carolyn FRIEND, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1973.

James D. Robinson, Gen. Counsel, Dept. of Highways, C. E. Skidmore, Dept. of Highways, Frankfort, Stephen N. Frazier, Rice and Frazier, Paintsville, for appellant.

Harry R. Stamper, Kelsey E. Friend, Friend & Mullins, Pikeville, for appellee.

VANCE, Commissioner.

The appellee, Carolyn Friend, was awarded $112,000.00 by a jury as compensation for the condemnation by the Department of Highways of 1.64 acres of land

which fronted approximately 360 feet on U. S. Highway 23 in Pike County. The property taken in the main was level land and was improved with two dwelling houses and a garage apartment which contained a garage and a beauty shop on the ground level and residential quarters on the second floor. Also taken were three wells and the septic facilities for each of the buildings.

The appellee owned an additional seventeen acres to the rear of the property taken which consisted principally of a wooded hillside which contained approximately one-half acre up the hill suitable as a home site and upon which were erected two frame residences, each containing 936 square feet.

The Department of Highways appeals upon the grounds that (1) the verdict is excessive at first blush and (2) the verdict is excessive and unsupported by sufficient probative evidence.

We will consider these grounds together because in reality we consider them to be one ground stated in two different ways. In many of our past opinions we have dealt with the so-called "first blush" rule but have never been able to establish any precise standard for its application. We have said that a verdict may be set aside if at "first blush" it strikes the mind as having been superinduced by passion or prejudice on the part of the jury; Cole & Cain v. May, 185 Ky. 135, 214 S.W. 885 (1919), or if it strikes the judicial conscience as being grossly excessive; Ballard v. King, Ky., 373 S.W.2d 591 (1964), or if it is so palpably excessive as to shock the enlightened conscience of the court, Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968).

We have always recognized however, that the court cannot substitute its judgment for that of the trier of facts on contested issues and when a finding is supported by substantial evidence of probative value it must be upheld even though we might have made a contrary finding. Moskowitz v. Peariso, 458 F.2d 240 [CCA

6 (1972)]; Ohio Valley Terminix Corp. (Terminix Co.) v. Rudolph, Ky., 444 S. W.2d 114 (1969); Southern Railway Co. v. Kelly Construction Co., Ky., 406 S.W.2d 305 (1966) and Louisville & Nashville Railway Co. v. Conn, 179 Ky. 478, 200 S. W. 952 (1918).

Evidence of probative value has been defined as evidence having "the fitness to induce conviction in the minds of reasonable men." Commonwealth, Department of Highways v. Tyree, Ky., 365 S. W.2d 472 (1963); Blankenship v. Lloyd Blankenship Coal Co., Inc., Ky., 463 S.W.2d 62 (1971) and Smyzer v. B. F. Goodrich Chemical Co., Ky., 474 S.W.2d 367 (1971). It thus appears that when a verdict is supported by evidence having fitness to induce conviction in the minds of reasonable men a reviewing court, if it is composed of reasonable men, will find difficulty in saying that the verdict shocks the conscience. Cf. Commonwealth, Department of Highways v. Stocker, supra. On the other hand when the verdict appears so outrageous in view of the inadequacy of the supporting evidence that it shocks the conscience of the court, then the verdict may be set aside because it is unsupported and could only have been rendered as the result of passion, prejudice or some other improper factor.

"First blush" is simply a summary determination that a verdict is unsupported by evidence of probative value. It stems from a sense of shock that such a verdict could have resulted from the evidence heard, a conviction beyond doubt by the court that the jury, lacking substantial evidence of probative value, was motivated by passion, prejudice or other improper factors and the resulting verdict is shocking and outrageous. In making this determination the court can draw upon its own knowledge and experience and the common experience of humankind generally.

Sometimes there is testimony which taken at its face value will support the verdict but which nevertheless runs counter to

all human experience and this court knows from its own background and experience that such testimony is incredible and unbelievable, not fit to induce conviction in the minds of reasonable men, and therefore does not have probative value. A verdict based upon such testimony will be set aside summarily under the "first blush" principle.

In the final analysis it is a value judgment and the question is where to draw the line between those cases in which we will seek to set out in detail the particular inadequacies of the evidence and those where the inadequacy or incredibility seems so obvious, glaring and shocking as to warrant disposition in summary fashion.

No court wants to take it upon itself to say that a jury had no reasonable basis for its verdict if a reasonable basis can be discovered. Nevertheless, courts have a duty to intervene when a verdict is so outrageous that it necessarily resulted from improper factors.

This is not a proper case for application of the "first blush" rule. We therefore look to see if there is substantial evidence of probative value to support the verdict in this case.

■ Two witnesses with extensive experience in real estate transactions testified for the landowner. In their opinion the difference between the value of the property before the taking and after the taking was $125,000.00 to $126,000.00. The land taken was the heart of the nineteen-acre tract containing nearly all of its most valuable land area. It was improved with three residences of substantial value.

In Commonwealth, Department of Highways v. Tyree, supra, we said that the unsupported opinion of expert witnesses as to land values is competent as evidence and has some probative value. Other evidence in the case may either strengthen or destroy its probative quality or believability.

In this case there was substantial disparity in the testimony of witnesses concerning comparable sales but none of the testimony was so extravagant that the members of this court, of their own knowledge, can say it was unbelievable. We find nothing in the record which destroys the probative value of the evidence in behalf of the appellee.

Appellant contends the court erred by excluding from the consideration of the jury the testimony of one of its witnesses but it appears to us the action of the trial court was justified.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED and STEINFELD, JJ., sitting.

All concur.