**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Fay RAMSEY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

James D. Robinson, Gen. Counsel, Dept. of Highways, Frankfort, Edmond H. Tackett, Prestonsburg, for appellant.

Kelsey E. Friend, Harry R. Stamper, Friend & Mullins, Pikeville, for appellees.

GARDNER, Commissioner.

In this condemnation proceeding the jury awarded appellees $160,000 for the taking of 5.041 acres of land from a 94-acre tract, and $20,000 for a two-year temporary easement of 5.178 acres. The Department of Highways seeks reversal of the judgment on the ground of excessiveness of the verdict.

The record discloses that there was substantial evidence introduced to support the verdict. Witnesses for the landowners testified that the highest and best use of the land was commercial. Their estimates of the difference in the value of the land before and after the taking ranged from $175,000 to $200,000, and their estimates of just compensation for the temporary easement ranged from $12,000 to $20,000.

The issue is whether the amount was so great as to strike "the judicial conscience as being grossly excessive" as expressed in Ballard v. King, Ky., 373 S.W.2d 591 (1964), or so great as to strike the mind at "first blush" as having been superinduced by passion or prejudice on the part of the jury as expressed in Cole & Crane v. May, 185 Ky. 135, 214 S.W. 885 (1919). See Commonwealth, Department of Highways v. Friend, Ky., 500 S.W.2d 405 (decided October 12, 1973), for an extended discussion of the subject.

While the verdict was quite liberal, we do not believe it reached the point where a reviewing court should say that it strikes the judicial conscience as being grossly excessive, or that it strikes the mind at first blush as having been superinduced by passion or prejudice on the part of the jury.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED and STEINFELD, JJ., sitting.

PALMORE, C. J., and JONES, MILLIKEN, REED and STEINFELD, JJ., concurring.

OSBORNE, J., dissents.

OSBORNE, Justice (dissenting).

I dissent from the majority opinion in this case as I believe the evidence of the experts upon which the award is based, taken at its face value, runs counter to all human experience and is so incredible and unbelievable that it can not induce conviction in the minds of reasonable men, see Commonwealth, Department of Highways v. Friend, Ky., 500 S.W.2d 405, rendered October 12, 1973.

I will not attempt to detail the evidence in this case, however, as the majority opin-

ion does not recite the facts I feel compelled to point out that the land in question is a mountain farm in Pike County, Kentucky. The land taken by the Highway Department and all land affected by the taking have heretofore been committed exclusively to agricultural purposes, though at the time of the construction of the highway a few house trailers were placed upon a part of it in the form of an unimproved trailer lot. In my opinion an award of approximately $30,000 per acre for rural farm land is excessive at first blush, therefore, I would reverse the judgment.