**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**H. D. FITZPATRICK, Jr. and Martha Fitzpatrick, wife, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

As Modified On Denial of Rehearing Feb. 15, 1974.

Jim Robinson, Gen. Counsel, Dept. of Highways, Frankfort, C. E. Skidmore, Lexington, for appellant.

Joe Hobson, Prestonsburg, for appellees.

JONES, Justice.

This appeal involves a highway right-of-way condemnation action brought in Floyd County by the Department of Highways to acquire right-of-way for the reconstruction of U.S. 23 in Floyd County between Prestonsburg and Pikeville.

The property of the appellees H. D. Fitzpatrick, Jr., Martha Fitzpatrick, his wife, and Sallye Gatewood Ligon Clark contained a total of 87.1 acres, but was divided by U.S. 23 into tracts containing 5.93 acres and 81.17 acres. The smaller tract was below U.S. 23 and bordered on the river. It was considered as river-bottom land. The larger tract contained 10.4 acres that were level-to-rolling land. The remainder of the larger tract was mountain land. The property on the river side that bordered U.S. 23 had a usable frontage of 2,400 ft. The parties agreed that the usable frontage on the mountain side of U.S. 23 was 1,400 ft. out of a total of 3,800 ft.

The Department of Highways took a total of 29.89 acres which included all of the river-bottom tract of 5.93 acres. It also took most of the level-to-rolling land across the road leaving 2.01 acres of level-to-rolling land and approximately 55 acres

of steep mountain land. The evidence showed that the highest and best use of the property taken was residential and commercial, and that it was near an industrial area.

The parties in the trial court compromised certain gas and coal interests and the only thing before this court for consideration is the value of the property taken.

The jury awarded the appellees, land owners, $150,000 for the total taking of 29.89 acres. The only issue argued on appeal by the Highway Department is that the verdict was excessive and not supported by sufficient probative evidence.

The witnesses for the appellant gave the following before and after values:

|  | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Hamilton | $54,500.00 | $15,000.00 | $39,500.00 |
| Daniels | $55,000.00 | $15,000.00 | $40,000.00 |

Appellee's witnesses placed the following before and after values on the property:

|  | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Weddington | $237,000.00 | $40,000.00 | $197,000.00 |
| Stratton | $240,000.00 | $55,000.00 | $185,000.00 |

The verdict of the jury fixed the before value at $185,000.00, the after value at $35,000.00, and the difference at $150,000.-00.

The great variance between the testimony for the appellant and that given for the appellees is the result of differences in opinion. The witnesses for both sides were highly qualified.

■ Appellant complains that the comparable sales offered in evidence by the appellees were improper in that they were not true comparables. We find that the issue of the extent of comparability was a jury issue.

The testimony of the witnesses reflect that land values in Floyd County in this particular area were generally higher because level land was in great demand. The taking of 29.89 acres by the state constituted the most valuable portion of the whole acreage.

Appellant further contends that improper factors were introduced in evidence for the consideration of the jury. This contention is not supported by the evidence.

 Although the award is generous it may not be regarded as excessive and the verdict is supported by the evidence. See Commonwealth of Ky. Dept. of Highways v. Fay Ramsey et al., Ky., 500 S.W.2d 784 (Decided October 26, 1973).

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLI-KEN, OSBORNE, REED, STEPHEN-SON and STEINFELD, JJ., sitting.

All concur.