**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Oscar BOWLING and Bertha Bowling, Appellees.**

Court of Appeals of Kentucky.

April 19, 1974.

Rehearing Denied June 21, 1974.

Carl T. Miller, Jr., Gen. Counsel, Frankfort, C. E. Skidmore, Lexington, Dept. of Highways, for appellant.

John M. Lyttle, Manchester, for appellees.

CATINNA, Commissioner.

The Commonwealth of Kentucky, Department of Highways, condemned a portion of a residential lot located in the Big Creek community of Clay County to be used as a part of the right-of-way for the Daniel Boone Parkway. The lot consisted of approximately 0.9 acres with improvements being a two-story frame residence, a three-room rental frame house, a concrete-block workshop, an outside privy, and a four-stable barn. The taking consisted

of 0.62 acres, together with all of the improvements except the main residence.

The county court entered a judgment of $20,000, and the landowners appealed to the circuit court. Evidence concerning the before and after values of the property involved and the jury verdict were as follows:

### FOR APPELLANT

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| McCormick | $15,000 | $ 8,000 | $ 7,000 |
| Harris | 15,500 | 7,500 | 8,000 |

### FOR APPELLEE

| | | | |
|---|---|---|---|
| Bowling (owner) | 35,000 | 11,000 | 24,000 |
| Ferguson | 34,520 | 10,500 | 24,020 |
| Burchell | 33,000 | 9,000 | 24,000 |
| Slusher | 34,200 | 10,000 (?) | 24,200 (?) |
| Davis | 32,500 | 8,500 | 24,000 |

### JURY

| | | | |
|---|---|---|---|
| Verdict | 34,000 | 8,000 | 26,000 |

Upon this appeal the Commonwealth asserts errors as follows: "(1) The trial court erred in overruling a motion for new trial on the grounds that the jury returned an erroneous and no verdict; (2) the trial court erred in failing to strike the testimony of Oscar Ferguson on the ground he used the cost of replacing the buildings taken rather than the market value; and (3) the verdict was palpably excessive and not supported by sufficient evidence of probative value."

The erroneous verdict claimed by the department is based upon the fact that the difference in market value, as determined by the jury verdict, was $26,000, while no witness had testified to a difference in excess of $24,020.

This court has never passed upon the question of whether the difference in market value, as determined by the jury verdict, must in itself be within the range of the difference in market value as established by the witnesses, with the resultant rule that where the difference in market value, as determined by a jury verdict, exceeds the highest difference in market value, as determined by the testimony of witnesses, there is error requiring a reversal of the judgment entered on the verdict.

We have long held that a jury verdict which establishes a before value in excess of the highest before value of any witness or an after value below the lesser of the after values established by the witnesses is erroneous and must be set aside. Com., Dept. of Highways v. Bauman, Ky., 468 S.W.2d 315 (1971); Com., Dept. of Highways v. Wynn, Ky., 396 S.W.2d 798 (1965).

In Com., Dept. of Highways v. Priest, Ky., 387 S.W.2d 302 (1964), we held that the jury should be required to find from the evidence and state in its verdict the fair market value of the property as a whole immediately before the taking and the fair market value of so much of the tract as remained immediately after the taking, and there was included a suggested set of instructions to be given the jury in such proceedings. Cf. Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963).

We have never held that deviations in the differences established by the before

and after value testimony and the verdict might constitute error justifying a reversal of the judgment entered. In cases where we have held that the before and after values, as established by a jury, were required to be within the range of the evidence, we have stated that any value established by the jury without the range has resulted from the failure of the jury to adhere to the evidence and its arbitrarily choosing to fix its own value on the property without reliance upon any evidence. Cf. Commonwealth v. S & M Land Company, Ky., 503 S.W.2d 495 (1972).

■ Although we do not hold that the difference in market value as established by a jury verdict must fall within the range of the differences in market value as established by the evidence, we would not uphold a verdict where there is a flagrant deviation between the difference in the fair market value established by the verdict and the difference as fixed by the evidence, as such deviation would evidence the fact that the jury, in fixing its before and after values, failed to give due consideration to the totality of the evidence but, on the contrary, used disconnected areas of the evidence to reach a conclusion not supported by the evidence when viewed in its proper perspective. We do not so find in this case.

■ The department's second claimed error is not properly before this court, as this particular question was not set forth in the statement of points filed by the department.

■ The department's final claim that the verdict is excessive and not supported by evidence of probative value is without merit. We have reviewed the evidence and are of the opinion that it adequately supported the verdict of the jury. Com., Dept. of Highways v. Ramsey, Ky., 500 S. W.2d 784 (1973); Com., Dept. of Highways v. Friend, Ky., 500 S.W.2d 405 (1973).

The judgment is affirmed.

JONES, MILLIKEN, PALMORE and STEPHENSON, JJ., concur.

STEINFELD and REED, JJ., dissent.

OSBORNE, J., not sitting.

STEINFELD, Justice (dissenting).

The expert witnesses each expressed his respective opinion as to the amount of the difference in the "before-taking" and "after-taking" values of the land condemned. The jury fixed a difference in excess of any of those amounts. I would follow the same rule in this situation which was expressed in Com., Dept. of Highways v. Stephens Estate, Ky., 502 S.W.2d 71 (1973), as applicable when the jury found an "after-taking" value not within the range of the evidence. The judgment should be reversed.

REED, J., joins in this dissent for the foregoing reasons and for the reasons expressed in his separate opinion in Com., Dept. of Highways v. Campbell, Ky., 510 S.W.2d 1, decided April 19, 1974.