COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Jessie Burchett REEDER, widow, et al.,
Appellees.

Ford BURCHETT, Lessee, Cross-Appellant,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Cross-Appellee.

Court of Appeals of Kentucky.

April 25, 1975.

Jim D. Robinson, Gen. Counsel, Dept. of Highways, Frankfort, Lewis D. Jones, Flemingsburg, Robert L. Woolery II, Ashland, for appellant and cross-appellee.

Thomas D. Theobald, Jr., Grayson, Ora F. Duval, Counts & Duval, Olive Hill, for appellees and cross-appellant.

VANCE, Commissioner.

This is a condemnation case in which the Department of Highways appeals from a judgment in which it claims the damages are excessive and a lessee of mining rights in the property cross-appeals because he was not awarded any compensation for the destruction of his lease.

The Department of Highways took 16.77 acres for right-of-way purposes of a 79.8-acre tract of land owned by the appellees. At the time of taking the property was subject to a lease under which the cross-

appellant, Ford Burchett, had a right to remove fire clay upon the payment of a royalty of thirty-five cents per ton to the owners. Ford Burchett had carried on mining operations on this property profitably for a number of years and at the time of taking was actually mining from the right-of-way. He had a long-term contract to supply fire clay to Louisville Fire Brick Works.

Since the beginning of the lease, Ford Burchett had mined 18,117 tons of fire clay from the subject property and had paid the owners $6,240.00 in royalties.

The witnesses for the Department of Highways valued the entire tract of land before the taking upon the basis that its highest and best use was a hill farm with second growth timber. They fixed the value of the entire tract of land before the taking, giving consideration to the fact that it contained deposits of fire clay subject to being leased but considering it as free and clear of the lease, at $3,000.00. They fixed the value of the land before the taking, subject to the encumbrance of the lease, at $3,000.00 and the value after the taking at $1,800.00 for a difference of $1,200.00.

The appellees' witness, Brooks Wells, fixed the value of the land before taking, considering that it contained deposits of fire clay subject to being leased but valued as if free and clear of the lease, at $45,000.00. He fixed the value of the land before taking but considering it subject to the encumbrance of the lease at $45,000.00 and the value of the land after the taking at $2,500.00. The jury accepted the testimony of the witness Brooks Wells and returned a verdict fixing the valuations at exactly the amounts to which he testified.

The effect of this verdict is to award the landowners $42,500.00 for the taking. The lessee, Ford Burchett, is awarded nothing.

■ There is no merit to the grounds of appeal urged by the appellant, Department of Highways. A previous trial in which the lessee, Ford Burchett, sought damages against the highway contractor for mining clay from the right-of-way which was subject to his lease resulted in a judgment in favor of the contractor. This judgment was not res judicata of the issues here. The verdict is not excessive at first blush. Cf. Commonwealth, Department of Highways v. Friend, Ky., 500 S. W.2d 405 (1973).

■ The cross-appellant, Ford Burchett, complains of the injustice of his receiving no compensation for the destruction of his lease. The difficulty with his position is that he did not present any evidence whatever that his lease had any value. All of the witnesses as to valuation testified that the value of the property before taking was exactly the same subject to the lease as it was when considered free and clear of the lease. It was their opinion that the existence of the lease did not in any way diminish the value of the land.

Our decisions in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S. W.2d 844 (1963) and Gulf Interstate Gas Company v. Garvin, Ky., 368 S.W.2d 309 (1963), clearly set forth the proper procedure for calculating the value of a leasehold estate in condemnation proceedings. We are not persuaded to depart from the criteria set forth therein.

The judgment is affirmed on both the appeal and the cross-appeal.

All concur.